Raymond ROMERO, Petitioner,

v.

E. ROE, Warden, Respondent.

No. CV 00–6219–CBM (SGL).

United States District Court,
C.D. California.

Feb. 6, 2001.

———

Raymond Romero, San Diego, CA., petitioner pro se.

Lawrence M. Daniels, Jim Hart, CAAG—Office of Attorney General of California, Los Angeles, CA, for E. Roe, Warden, respondent.

## ORDER RE: MOTION TO DISMISS AND FURTHER PROCEEDINGS

LARSON, United States Magistrate Judge.

Raymond Romero, an inmate at Donovan Correctional Facility in San Diego, California, filed a federal habeas petition, raising nine grounds for why his September 18, 1995, conviction for burglarizing a home and his resulting thirty-five year sentence violates the United States Constitution. Respondent has moved to dismiss the petition as time-barred and for including unexhausted claims.

▮ Whether the present petition is time-barred turns on whether Romero was "properly pursuing his state post-conviction remedies" during the fifteen-month gap between the disposition of his habeas petition before the California Court of Appeals and the filing of a successive petition in the California Supreme Court. If so, then the petition was timely-filed. If not, the one-year limitation period for state prisoners to file their federal habeas petitions will likely bar consideration of the instant petition.

Romero's direct efforts at overturning his conviction were completed on July 30, 1997, when the California Supreme Court denied his petition for review "without prejudice to filing a petition for writ of habeas corpus in the sentencing court." The clock started ticking on the one-year limitations period ninety days later on October 28, 1997, when Romero's conviction became final. *See Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999).

On two separate occasions Romero filed a habeas petition with the state trial court in an effort to collaterally attack his conviction. Both petitions were denied by the trial court, the first after a five-day interval and the second after a twenty-day interval. On September 3, 1998 (nearly thirty-five days after the denial of the last petition by the state trial court), Romero filed a state habeas petition with the California Court of Appeals, which denied the petition on the merits nine days later. After fifteen months had passed, Romero filed a successive habeas petition with the California Supreme Court. The petition was summarily denied by the California Supreme Court without citation to authority on March 29, 2000.

Romero then sought to challenge the constitutional soundness of his conviction by filing the instant petition in federal court on June 1, 2000.

Respondent argues that Romero is precluded from tolling the one-year limitations period for the fifteen-month gap between his state habeas petitions, which is essential to find that the instant petition is timely-filed. Section 2244(d)(1) imposes a one-year limitation period for state prisoners to file their federal habeas petitions. The statute, however, tolls the limitations period while a "properly filed" application for habeas review is pending in state court. *See* 28 U.S.C. § 2244(d)(2). The Ninth Circuit stated in *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999), that such tolling includes the "interval between the disposition of a ... post-conviction petition and the filing of a ... successive petition at the next state appellate level." *Nino,* however, exempted from its holding instances in which "the California state courts have dismissed a state habeas petition as untimely because the petitioner engaged in substantial delay in asserting habeas claims." *Id.* at 1006 n. 4.

The respondent asserts that the instant petition presents such an instance of substantial delay. Respondent urges the Court that a fifteen-month delay is "too vast" to consider that anything was pending and draws a bleak picture should the Court find otherwise. Respondent, for instance, suggests that allowing a fifteen-month delay to toll the limitations period would encourage other prisoners to wait five or even ten years before filing their successive habeas petition. Respondent also asserts that allowing such a delay to toll the limitations period would place no "reasonable limits" to the rule announced in *Nino.* Exactly what "reasonable limits" respondent would have the Court impose

on *Nino* tolling is, not surprisingly, unclear. If a fifteen-month delay is "too vast," what about a six-month delay? The Ninth Circuit has already held that *Nino* tolling is appropriate even where there was a four-and-a-half month delay. *See Saffold v. Newland,* 224 F.3d 1087 (9th Cir.2000). Respondent apparently believes that fifteen months is intuitively just too long for *Nino* to apply. *Nino*'s holding, however, was not premised upon hunches, but was grounded upon principles of "comity and respect between our respective judicial systems." 183 F.3d at 1007.

Respondent's approach would necessarily lead to *ad hoc* judicial line drawing (a four-month delay is okay, but a six-month delay is just too long) without any mooring to the federal habeas statute. Section 2244(d)(2) speaks in terms of "properly filed applications for state post-conviction or other collateral review." Application of the statute's tolling provision is therefore necessarily grounded in and defined by considerations of state law. Federal courts have deferred such considerations to the state courts. *See Nino,* 183 F.3d at 1005. It is with this understanding that the rationale behind the court's holdings in *Nino* and *Saffold* comes into clearer focus.

■ As those courts have made clear, "[t]he whole purpose of the tolling requirement is to permit state courts to address the merits of the petitioner's claim." *Saffold,* 224 F.3d at 1090. When a state court resolves a petition on the merits, the limitations period is tolled for the entire period that the petition was under consideration, including gaps between the filing of the petitions. *Id.* Such a result "reinforces the orderly presentation of claims to the appropriate state tribunals and obviates the need for federal action. . . ." *Nino,* 183 F.3d at 1005.

■ Respondent has instead read the decision in *Saffold* as being based on the court's judgment that a four-month delay is not fatal for *Nino* tolling. The decision in *Saffold* was not based on such temporal considerations. Rather, what made the

four-month delay inconsequential was the fact that the state court decided, at least in part, the tardily-filed petition on the merits. *See Saffold,* 224 F.3d at 1090 ("We fail to see why an untimeliness ruling entangled with the federal constitutional merits, which is insufficient to cause a default of a federal claim, should be sufficient to defeat tolling of the AEDPA limitation."). It was not the particular length of the delay that was crucial to the court's decision, but rather how the state court treated the tardily-filed petition. The key question, insofar as *Nino* tolling is concerned, is whether a particular petition was resolved on the merits by the state court, not on the particular length of time between the disposition of the earlier petition and the filing of the next. *See Saffold,* 224 F.3d at 1090 ("We therefore decline to adopt a rule that would require [a prisoner] to have filed his federal habeas petition before the California Supreme Court ruled on the merits of his claim."). If the successive petition is held to be untimely filed by the state court, then it was not a "properly filed application for state post-conviction" relief, *see Artuz v. Bennett,* —— U.S. ——, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), and therefore tolling, *Nino* or otherwise, is inappropriate. Such a determination is for the state, not the federal, courts to make. *See Saffold,* 224 F.3d at 1090. Moreover, such a rule not only comports with the purpose of the tolling requirement (allowing the state courts an opportunity to consider the merits of a claim), but also is more faithful to the statutory language's emphasis on the primacy of state law.

Such a rule would not lead to the catastrophic scenarios envisioned by the respondent of prisoners waiting years between the disposition of one petition and the filing of the next because the limitations period would be tolled in the interim. Such a prisoner would be taking a risk in allowing such lengthy gaps to develop. Although the state courts, as in this case, may proceed to consider the successive petition on the merits, the courts could just as easily (and in far more probability)

deny the petition as untimely. Such a ruling would sever the prisoner's ability to use the gap for tolling purposes. And, given the short nature of the limitations period, such unaccounted gaps would in all likelihood sound the death knell for the prisoner's ability to file a timely federal habeas petition. Romero got lucky. The California Supreme Court denied his successive petition on the merits. *See Hunter v. Aispuro,* 982 F.2d 344 (9th Cir.1992) (California Supreme Court order denying habeas petition without comment or citation was a denial on the merits). Other prisoners who seek to follow his example do so at their own peril. Should the state courts wish (as will usually be the case) to deny such tardily-filed petitions on timeliness grounds, prisoners will find that the door to the federal courthouse is closed as well.

Accordingly, the Court hereby **ORDERS** that the motion to dismiss is **DENIED** insofar as it claims that the petition is time-barred.

■ Respondent also contends that numerous grounds in Romero's petition are unexhausted because the state habeas petition presented to the California Supreme Court did not contain all the federal legal theories now advanced in his federal habeas petition.

■ Section 2254 "requires a federal habeas corpus petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). The United States Supreme Court has stated that "it is not enough that all the facts necessary to support the federal claim were before the state courts...." *Id.* Romero was therefore required to present to the state courts the federal legal theories currently being advanced in federal court. *See Hiivala v. Wood,* 195 F.3d 1098, 1106–1107 (9th Cir.1999). Simply put, a party cannot look to state law claims alleged in an earlier state court petition and then use them to conjure up federal constitutional

claims that were not expressly asserted in the state court petition. *Id.* After reviewing the record, the Court finds that Romero failed to present to the state courts the federal legal theories now advanced in the first, second, seventh, and eighth grounds listed in his federal habeas petition. In each instance, Romero only presented state law theories concerning the same facts now raised in his federal petition. The assertion of the same facts in the earlier state court petition as those now presented in the federal petition does not supply the exhaustion necessary to empower this Court to disturb the judgment of the state courts. *See Picard v. Connor,* 404 U.S. 270, 275–77, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (finding petitioner failed to exhaust his claim before state court where he had stated the same factual basis but not the same federal constitutional legal basis for relief). With respect to the ninth ground presented in Romero's federal petition, the Court finds that, although the due process issue was raised before the California state courts, the *ex post facto* issue was never presented to those courts. To the extent the ninth ground raises an ex post facto issue, it too is unexhausted.

Accordingly, the Court offers Romero an opportunity, within 20 days of the date of this Order, to file a voluntary dismissal of the first, second, seventh, and eighth grounds as well as the *ex post facto* issue in the ninth ground. If Romero fails to voluntarily dismiss any unexhausted claims, the Court intends to recommend dismissal of the entire petition. *See Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).