**Edward Leon AUSTIN, Petitioner— Appellant,**

v.

**Carl M. LARSON, Warden, Respondent—Appellee.**

No. 00–15381.

D.C. No. CV–99–01967–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2003.*

Decided June 11, 2003.

Before CANBY, KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Austin appeals the dismissal of his 28 U.S.C. § 2254 habeas petition on the grounds it was time-barred by the provisions of the Anti–Terrorism and Effective Death Penalty Act (AEDPA).[1] We reverse and remand.

The California Supreme Court dismissed Austin's petition with a citation to two cases. One was unrelated to timeliness. The other, *In re Robbins,*[2] addresses the timeliness of state habeas petitions. Austin filed his California Supreme Court petition about nine and one-half months after the Court of Appeals ruled on the previous

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 28 U.S.C. 2244(d).

2. 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (Cal.1998).

one. Given that the California Supreme Court has declined to find petitions filed as much as fifteen months later untimely,[3] the California Supreme Court's reference to timeliness apparently referred to the eleven-year gap between conviction and filing of the first state habeas petition. A dismissal on this ground is irrelevant to the AEDPA tolling issue here.[4] *Carey v. Saffold*[5] teaches that the AEDPA is tolled from the filing in the California Superior Court through the California Supreme Court's ruling on the petition filed there, where the petitioner has not delayed unreasonably between the state filings.

The district court ruled that Austin's first petition in the state trial court could not begin the tolling of AEDPA because it was held to be untimely by the state court. Our decision in *Dictado v. Ducharme*,[6] decided after the district court's ruling, makes clear that a petition dismissed for untimeliness is nevertheless "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and tolls the limitation period.

REVERSED AND REMANDED.

3. *Romero v. Roe,* 130 F.Supp.2d 1148, 1149 (C.D.Cal.2001).

4. *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002).

5. *Id.* at 2136.

6. 244 F.3d 724, 727–28 (9th Cir.2001).

