Reginald CHAVIS, Petitioner–
Appellant,

v.

Anthony LEMARQUE, Warden,*
Respondent–Appellee.

No. 01–17072.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.**

Filed Aug. 27, 2004.

---

* Anthony LeMarque has replaced Sylvia Garcia as the warden of the Salinas Valley State Prison.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Reginald Chavis, petitioner/appellant in propria persona.

Bill Lockyer, Attorney General of the State of California, and Catherine Chatman, Deputy Attorney General of the State of California, Sacramento, CA, for respondent/appellee Anthony LeMarque.

Before: B. FLETCHER, TROTT, and FISHER, Circuit Judges.

**BETTY B. FLETCHER, Circuit Judge:**

In 1991, Reginald Chavis was convicted of attempted first degree murder with the use of a weapon in Sacramento County Superior Court. He unsuccessfully challenged his conviction on direct appeal in California state courts and then filed two rounds of state habeas petitions. All of Chavis's state petitions were denied, and he filed a federal habeas petition on August 30, 2000. The issue before us is whether Chavis's federal petition was filed within the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1] The district court dismissed the petition as untimely. We reverse.

## I. Background

The timeliness of Chavis's federal petition depends on whether he is entitled to statutory tolling for each of his state habeas petitions. 28 U.S.C. § 2244(d)(2) (allowing tolling for "properly filed" state habeas petitions while such petitions are "pending"). We therefore set forth in detail the procedural history of his case.

### A. Conviction and Direct Appeal

On July 29, 1991, a jury convicted Chavis of attempted murder for the shooting of Katrina Haines. Chavis was sentenced to life with the possibility of parole. Chavis appealed the conviction to the California Court of Appeal and California Supreme Court. Both appeals were denied, the latter on October 28, 1992.

### B. First Round of State Habeas Petitions

Chavis filed a habeas petition in Sacramento Superior Court on May 14, 1993, which was denied on the merits on July 30, 1993. Chavis filed a substantially similar petition in the California Court of Appeal on August 22, 1994, and that petition was denied on September 29, 1994.

AEDPA and the one-year statute of limitations for federal habeas petitions took effect on April 24, 1996.

On November 5, 1997, the California Supreme Court received Chavis's habeas petition. The Court denied the petition on April 29, 1998, without any comment or case citation. That decision became final on May 29, 1998.

### C. Second Round of State Habeas Petitions

Chavis filed a second habeas petition in Superior Court on December 15, 1998. On January 5, 1999, the Superior Court ordered the petition "not filed" because Chavis, a pro se prisoner, had not filled out the habeas form in accordance with court procedures. On January 25, 1999, Chavis refiled his habeas petition with the Superior Court in the proper format, and it was denied on February 24, 1999. The Superior Court held that the successive petition was barred for "procedural reasons" because it was presented in a "piecemeal" manner. *In re Chavis*, No. 99F00573 at *1 (Sacramento Super. Ct., Feb. 24, 1999) (citing *In re Clark*, 5 Cal.4th 750, 774, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993)). It

---

1. AEDPA's one year statute of limitations applies because Chavis filed his federal habeas petition after AEDPA's effective date, which was April 24, 1996. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.2001).

also held that the claims were not presented with "due diligence" because seven years passed between Chavis's conviction and the second petition. *Id.* (citing *In re Robbins,* 18 Cal.4th 770, 780, 77 Cal. Rptr.2d 153, 959 P.2d 311 (1998)).

Chavis filed a second petition in the California Supreme Court on December 17, 1999. That petition was summarily denied with citations to *Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, *Robbins,* 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311, and *Ex parte Dixon,* 41 Cal.2d 756, 759, 264 P.2d 513 (1953). The denial became final on April 28, 2000.

## D. Federal Habeas Petition

Chavis filed his federal habeas petition with the district court on August 30, 2000. The magistrate judge made findings and recommendations that Chavis was not entitled to statutory tolling for state habeas petitions filed prior to the enactment of AEDPA, and that because all subsequent state petitions were filed more than one year after AEDPA's active date, Chavis's federal petition was barred. The district court adopted the findings and recommendations in full on September 18, 2001. Chavis appeals. The state concedes that the district court erred in its reasoning, but argues that Chavis is still not entitled to tolling for any of his state petitions.

## II. Analysis

■ We review de novo the district court's dismissal of Chavis's 28 U.S.C. § 2254 petition on statute of limitations grounds. *See Jenkins v. Johnson,* 330 F.3d 1146, 1149 (9th Cir.2003). We first

hold that Chavis is entitled to tolling while his second round of state petitions was pending, even though the petitions were denied on procedural grounds, because the state court's ultimate decision on a particular petition does not affect whether that petition is "pending" *while the court considers it.* Second, we hold that Chavis is entitled to tolling for the three-year interval between his first round petitions to the California Court of Appeal and California Supreme Court—an interval during which AEDPA took effect—because the California Supreme Court did not dismiss the petition as untimely but rather decided it on the merits. Finally, we set forth the proper calculation of the periods for which Chavis is entitled to tolling, and conclude that Chavis's federal habeas petition was timely filed.

## A. Definition of Pending

■ 28 U.S.C. § 2244(d)(2) allows tolling of the AEDPA statute of limitations while a federal habeas petitioner has "properly filed" state habeas petitions that are "pending." [2]

■ The state contends that under *Carey v. Saffold,* 536 U.S. 214, 219–21, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), Chavis's second round petitions were never pending in the state courts, even while the courts had the petitions under submission, because the state courts eventually denied the second round petitions for procedural reasons. The state's argument misapprehends Supreme Court precedent and distorts the plain meaning of the word "pending."

---

**2.** A "properly filed" petition is one that has been "delivered and accepted in compliance with 'the applicable laws and rules governing filings.' " *Smith v. Duncan,* 297 F.3d 809, 812 (9th Cir.2002) (quoting *Dictado v. Ducharme,* 244 F.3d 724, 726–27 (9th Cir.2001)).

The government only argues that one of Chavis's filings was improperly filed—the November 15, 1998 filing in Sacramento County Superior Court—and we discuss that filing *infra* at section II.C.

The *Saffold* Court did rely on the state court's decision on whether a habeas petition was untimely to determine whether the state petition was pending, but in a different context: the Court was considering whether the word pending in the habeas statute applied to a time gap between the petitioner's habeas petitions in the California Court of Appeal and the California Supreme Court. *Id.* at 217–18, 122 S.Ct. 2134. This was an issue because in California, petitioners file separate writs at each court level instead of appeals, and California uses a "reasonableness" standard rather than a strict time limit to determine whether the next writ was timely filed after the first was denied. *Id.* at 221–22, 122 S.Ct. 2134.

While *Saffold* clearly applies to determine whether a second round habeas petition was pending *between* levels of review, it is not relevant to whether the second round habeas petitions were pending *while the state courts were considering them.* "The dictionary defines 'pending' ... as 'in continuance' or 'not yet decided.' " *Id.* at 219, 122 S.Ct. 2134 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1669 (1993)). A petition is clearly pending after it is filed with a state court, but before that court grants or denies the petition.

■ Under the state's strained definition of "pending," a habeas petitioner would not know whether he was entitled to tolling for a petition filed in state court until the court granted or denied his petition. In the meantime, the AEDPA statute would be running and often would expire before the state court decided the case. So long as a state procedure for filing the habeas petition exists, the petition is pending while the state court considers it, whether the decision is ultimately on the merits or on procedural grounds. *See Jenkins,* 330 F.3d at 1153 (citing *Nino v. Galaza,* 183 F.3d 1003, 1005 (9th Cir. 1999)). Chavis's second round habeas petitions were pending while they were properly before the California courts for decision.[3]

## B. Reasonableness of Delay Between First Round Petitions

■ The state also argues that the three-year delay between Chavis's first round California Court of Appeal and Supreme Court petitions was unreasonable, and therefore cannot be tolled. In contrast to the issue of what is "pending," this is an appropriate situation in which to apply *Carey v. Saffold,* because we must decide whether Chavis had a pending petition during "intervals between a lower court decision and a filing of a new petition in a higher court." *Saffold,* 536 U.S. at 222, 122 S.Ct. 2134. The *Saffold* Court held that a petition is considered pending during such intervals unless the petitioner unreasonably delayed filing a new petition at a higher level. *Id.* at 223, 225, 122 S.Ct. 2134. The Court then remanded for us to decide whether Saffold had unreasonably delayed. *Id.* at 226, 122 S.Ct. 2134. On remand, we held that because the California Supreme Court did not deny Saffold's petition as untimely, but rather on the merits and for lack of diligence in filing his initial petition, the delay in filing the California Supreme Court petition was not unreasonable. *Saffold v. Carey,* 312 F.3d 1031, 1035–36 (9th Cir.2002).

The state argues that we must determine the reasonableness of the three-year delay during Chavis's first round of state

---

**3.** The state does not argue that Chavis delayed unreasonably before filing his second round petition with the California Supreme Court after his second round Superior Court petition was denied. He is therefore entitled to tolling during the entire round.

petitions, looking to state law. However, we rejected that approach on remand in *Saffold*, and held that the relevant inquiry is whether the state court denied the petition as untimely. *Id.* at 1034–36.

Under our decision in *Saffold*, because Chavis's November 1997 habeas petition to the California Supreme Court was denied on the merits, it was pending during the interval between the Court of Appeal decision and the Supreme Court petition and he is entitled to tolling. *See id.* When the California Supreme Court denies a habeas petition without comment or citation, we have long treated the denial as a decision on the merits. *Hunter v. Aispuro*, 982 F.2d 344, 348 (9th Cir.1992) (9th Cir.1992). Therefore, the California Supreme Court's summary denial was on the merits, and the petition was not dismissed as untimely. *See id.; see also Delhomme v. Ramirez*, 340 F.3d 817, 819, 820 n. 2 (9th Cir.2003) (noting that there was no indication that a state habeas petition was untimely where the California Supreme Court denied the petition without comment or citation). As a result, Chavis is entitled to tolling during his first round of state petitions.[4]

## C. Chavis's Federal Habeas Petition Was Timely Filed

■ We set forth in this section the proper calculation of the time periods for which Chavis was entitled to tolling, when he had properly filed state petitions pending. *See* 28 U.S.C. § 2244(d)(2). The district court dismissed the petition as untimely because it held that Chavis's first state habeas petitions, filed in 1993 and

1994, did not toll the one-year statute, since AEDPA was not enacted until 1996. The district court erred.[5] A "state habeas petition filed *before* the AEDPA statute of limitations begins to run tolls the limitation period." *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001) (citing *Tillema v. Long*, 253 F.3d 494 (9th Cir.2001)).

■ A habeas petition is considered pending during one full round of state review, which in California includes petitions filed in Superior Court, the Court of Appeal, and the Supreme Court. *Nino*, 183 F.3d at 1005–06. As long as the petitions are properly filed, a habeas petitioner is also entitled to tolling during subsequent rounds of state review. *See King v. Roe*, 340 F.3d 821, 823 (9th Cir.2003) (per curiam) (recognizing that a habeas petitioner may be entitled to tolling during a second round of petitions, but holding that the statute is not tolled between rounds); *Dils v. Small*, 260 F.3d 984, 985–86 (9th Cir.2001) (noting that petitioner was entitled to tolling during first, second, and third rounds of state habeas petitions but not between rounds); *see also Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir.1998) ("[I]f a state allows petitioners to file second or subsequent petitions for post-conviction relief, federal courts should not undermine the state's decision by refusing to toll the one-year period of limitation of § 2244(d)(1) where a second or subsequent petition is pending in the state court system.").

■ Chavis filed a first round of state habeas petitions in the Superior Court in 1993, the Court of Appeal in 1994, and the

---

4. We note, as have other courts, that habeas petitioners should take care to avoid delays between state petitions. "Should the state courts wish (as will usually be the case) to deny such tardily-filed petitions on timeliness grounds, prisoners will find that the door to the federal courthouse is closed as well."

*Romero v. Roe*, 130 F.Supp.2d 1148, 1151 (C.D.Cal.2001) ("Romero got lucky. The California Supreme Court denied his ... petition on the merits.").

5. The state concedes that this holding was error.

California Supreme Court in 1997. Although AEDPA took effect on April 24, 1996, Chavis is entitled to tolling for the entire first round of state petitions, which he began before AEDPA was enacted. Therefore, the one-year statute of limitations under AEDPA did not begin running until the day after California Supreme Court's denial of Chavis's habeas petition became final on May 29, 1998. *See Smith v. Duncan,* 297 F.3d 809, 814 (9th Cir. 2002) (noting that the California Rules of Court provide that a California Supreme Court judgment becomes final thirty days after it is issued and holding that the federal statute begins running the day after the state judgment becomes final).

 The statute was not tolled during the interval between the first and second rounds of Chavis's state petitions. *See Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003). Nor was it tolled when Chavis submitted a petition on December 15, 1998 that was deemed "not filed" because Chavis did not use the proper form. *See Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (holding that a state habeas petition is " 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings") (quoting 28 U.S.C. § 2244(d)(2)); *see also Smith,* 297 F.3d at 812. Therefore, Chavis's petition was not tolled between May 29, 1998 and January 25, 1999, a period of 240 days.[6]

Tolling recommenced on January 25, 1999, when Chavis properly filed his Superior Court petition and started a second round of state habeas petitions. *See Smith,* 297 F.3d at 812 (holding that petition was "properly filed" even though the state court denied it as procedurally

barred because the petition was delivered to and accepted by the state court).

The statute was again tolled during the second round of petitions, from the proper filing in Superior Court on January 25, 1999, until April 28, 2000, the date the California Supreme Court's denial of Chavis's second petition became final. *See id.* Chavis filed a federal habeas petition on August 30, 2000, which was 123 days after the final denial of his last state petition. Chavis's federal petition was close to the deadline, but timely: there are only 363 days that were not tolled, so his petition was filed within the one-year statute of limitations.

### III. Conclusion

Chavis is entitled to tolling of the federal statute of limitations for the time during his first and second rounds of state habeas petitions but not between the two rounds. We reverse the district court's dismissal of Chavis's federal petition as untimely and remand for the district court to consider the merits of Chavis's petition.

**REVERSED and REMANDED.**

---

**6.** The state's brief contains a miscalculation of this period: it states that there are 271 days

rather than 240 days between May 29, 1998 and January 25, 1999.