**Sarkis SARKISYAN, Petitioner—Appellant,**

v.

**Ana RAMIREZ–PALMER, Warden, Respondent—Appellee.**

No. 03–55038.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Sarkis Sarkisyan, Vacaville, CA, Petitioner–Appellant Pro Se.

Xiomara Costello, AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

California state prisoner Sarkis Sarkisyan appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Sarkisyan contends that he is entitled to statutory tolling for the entire time that his state habeas petitions were pending. While we agree with Sarkisyan, *see Chavis v. LeMarque*, 382 F.3d 921, 926 (9th Cir.

2004), even given tolling for the almost three years that his petitions were before the state courts, Sarkisyan's § 2254 petition was still filed after his Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations had expired. Accordingly, absent equitable tolling, his § 2254 petition is untimely.

On appeal, Sarkisyan contends that he is entitled to equitable tolling because (1) the district court failed to give him certain advisements when it dismissed his original § 2254 petition for failure to exhaust; and (2) the district court misled him by dismissing this petition without prejudice. Sarkisyan's first contention is foreclosed by the Supreme Court's ruling in *Pliler v. Ford*, —— U.S. ——, —— -——, 124 S.Ct. 2441, 2445–46, 159 L.Ed.2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). As to Sarkisyan's second contention, we find nothing in the record to support the notion that he was misled by the district court or that the dismissal prevented him from exhausting his claims within his AEDPA statute of limitations period. *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir.), *cert. denied*, 540 U.S. 974, 124 S.Ct. 449, 157 L.Ed.2d 324 (2003). Finally, we conclude that Sarkisyan's lack of diligence in pursuing his claims precludes equitable tolling in this case. *See id.* at 1018 (noting that petitioner must demonstrate diligence in exhausting claims, and stating that "the relevant measure of diligence is how quickly a petitioner sought to exhaust the claims dismissed as unexhausted, and how quickly he returned to federal court after doing so.").

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.