**Rodney TURNER, Petitioner—Appellant,**

v.

**Joe MCGRATH, Warden, Respondent—Appellee.**

No. 03–55371.

D.C. No. CV–02–00528–FMC(SGL).

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Dec. 6, 2004.

Decided Jan. 20, 2005.

Rodney Turner, Pelican Bay State Prison, Crescent City, CA, for Petitioner–Appellant.

Alissa Sawano Peterson, Irvine, CA, Marc Aaron Kohm, DAG, Office of the California Attorney General, Los Angeles, CA, Respondent–Appellee.

Before B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Rodney Turner (Turner) appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for untimeliness. He argues for equitable tolling of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we hereby affirm.

Turner filed his second federal habeas petition (the one before this court) in January 2002. Granting that Turner is entitled to equitable tolling for the roughly six-month period during which he was held in administrative segregation and denied access to his legal materials, and that Turner is entitled to statutory tolling for the roughly two-week period during which his August 1999 state habeas petition was pending, Turner's statute of limitations nonetheless expired in November 2000, fourteen months before the current petition was filed. It is therefore untimely unless Turner is entitled to additional tolling. Turner advances unsuccessfully several theories of entitlement to additional tolling.

## I.

■ Turner argues that he is entitled to additional statutory tolling from the date he filed his first state habeas petition (August 2, 1999) to the date of the California Supreme Court's denial of that petition (December 19, 2001). Although the statute of limitations is tolled under 28 U.S.C. § 2254(d)(2) during the time state post-conviction proceedings are "pending," and that tolling extends to the intervals during

which a petitioner is *between* levels of state habeas review, a California habeas petition is *not* considered pending during an interval between petitions if the later petition is unreasonably delayed. *Chavis v. LeMarque*, 382 F.3d 921, 925–26 (9th Cir.2004). The reasonableness of delay is ordinarily determined by whether the state court denied the petition as untimely. *Id.* Here, as the district court noted correctly, the California Supreme Court's citation of *In re Swain*, 34 Cal.2d 300, 209 P.2d 793 (1949), in its dismissal of Turner's petition, is a dismissal for untimeliness. *See Washington v. Cambra*, 208 F.3d 832, 833 (9th Cir.2000) ("The *Swain* rule is commonly referred to as the 'untimeliness' bar." (citation omitted)). Therefore Turner is not entitled to statutory tolling for the period from the filing of his state habeas petition in California Superior Court to the state supreme court's denial of the later state petition.

## II.

■ While his first federal habeas petition was still before the assigned magistrate judge, Turner wrote a letter requesting that the court dismiss the petition so he could exhaust his state remedies. The district court properly treated his letter that "a decision be rendered at the court's earliest [convenience] dismissing petitioner's petition without prejudice," as a motion for voluntary dismissal. Fed.R.Civ.P. 41(a)(1). The court dismissed his petition.

Turner misplaces reliance on *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), where the Supreme Court held it improper for a court to "recharaterize a pro se litigant's motion [for a new trial] as the litigant's first [28 U.S.C.] § 2255 motion [for habeas relief]

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*unless* the court informs the litigant of its intent to recharaterize, warns the litigant" of the consequences of recharacterization, and offers the litigant an opportunity to withdraw. *Id. Castro* is inapposite here because the recharacterization in *Castro* was substantive, whereas the district court only gave effect to what was essentially a motion to dismiss by Turner.

Turner argues that equitable tolling should be available to him because he lost six months and sixteen days in administrative segregation. "We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted). Equitable tolling turns on whether "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim...." *Id.*

We agree with the district court's equitable tolling of about six months that Turner spent in administrative segregation, thus advancing the filing deadline to approximately November 4, 2000. However, Turner failed to pursue and exhaust his state remedies during that time and he fails to explain why tolling should be available beyond the time when he actually lacked access to his legal materials. Because Turner filed his current petition fourteen months after the statute of limitations expired, tolling for the period of his administrative segregation alone is insufficient to render his current petition timely.

Turner's claim that the district court should have warned him of the consequences of the dismissal of his first federal habeas petition is precluded by *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2446,

159 L.Ed.2d 338 (2004). The facts here offer no support to Turner's related claim that the district court affirmatively misled him, because the court only granted Turner's voluntary request for a dismissal of his first federal habeas petition.

We therefore hold that neither statutory nor equitable tolling applies. The district court's dismissal of Turner's petition for untimeliness is AFFIRMED.