**Shelley Lamont SMALL, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden; et al., Respondents—Appellees.**

No. 02–56674.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

William S. Harris, Esq., Stewart & Harris, South Pasadena, CA, for Petitioner–Appellant.

Shelley Lamont Small, Lancaster, CA, pro se.

Stephanie A. Mitchell, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

California state prisoner Shelley Lamont Small appeals the district court's dismissal as untimely of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we vacate and remand.

The district court correctly found that, as of the filing of Small's state habeas petition in the California Court of Appeal, 273 days had elapsed on his AEDPA one year statute of limitations. Small therefore had 92 days remaining in which to file a § 2254 habeas petition in federal court.

Small contends that he is entitled to statutory tolling from the date he filed his first state habeas petition (December 20, 2000) to the date of the California Supreme Court's denial of that petition (December 19, 2001). The statute of limitations is tolled under 28 U.S.C. § 2254(d)(2) during the time state post-conviction proceedings are "pending," and that tolling applies "from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999). However, a California habeas petition is not considered pending during an interval between petitions if the later petition is unreasonably delayed. *See Chavis v. LeMarque*, 382 F.3d 921, 925–26 (9th Cir.2004). The reasonableness of delay is ordinarily determined by whether the state court denied the petition as untimely. *Id.* Here, Small's petition was denied by the California Supreme Court without comment, which we treat as a denial on the merits. *See Chavis*, 382 F.3d at 926 (9th Cir.2004) ("When the California Supreme Court denies a habeas petition without comment or citation,

we have long treated the denial as a decision on the merits."). Therefore, Small is entitled to statutory tolling for the period from the filing of his state habeas petition in California Court of Appeal to the state supreme court's denial of that petition. With statutory tolling, Small timely filed his federal habeas petition on January 11, 2002.

Because Small's instant § 2254 habeas petition was timely filed in district court, we vacate the dismissal and remand to the district court for consideration of the merits of Small's habeas petition.

**VACATED AND REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.