**Jose Alfredo SUAREZ, Petitioner-Appellant,**

v.

**George ORTIZ, Respondent-Appellee.**

No. 01–56362.

D.C.No. CV–00–02339–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided March 28, 2005.

Jose Alfredo Suarez, Corcoran, CA, pro se.

Attorney General for the State of California, Kyle N. Shaffer, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before HALL, PAEZ, Circuit Judges, and BEISTLINE,* District Judge.

---

## MEMORANDUM**

California state prisoner Jose Alfredo Suarez ("Suarez") appeals the district court's denial of his 28 U.S.C. § 2254 petition as untimely. The petition challenges his jury trial conviction for second-degree murder, attempted first degree murder, and related weapons offenses. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

The district court properly dismissed Suarez's first petition when requested by Suarez to do so. Notwithstanding, Suarez contends the second petition, which is the subject of this appeal, is *not* time-barred because it "relates back" to the first petition. Suarez is incorrect.

■ A new federal habeas petition filed after the dismissal without prejudice of an earlier federal habeas petition cannot be deemed to "relate back" to the filing date of the earlier petition. *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir.1999).

■ The statute of limitations was tolled between the filing of Suarez's first habeas petition in the California Superior Court on August 15, 1996, and the California Court of Appeal's denial of the petition on January 7, 1997. *See* § 2244(d)(2). Yet Suarez is not entitled to "gap tolling" between the California Court of Appeal's denial of his petition on January 7, 1997, and his filing of a second petition in the Superior Court on December 7, 1999, because the California Supreme Court eventually denied the petition as untimely by citing *In re Robbins*, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998). *Cf. Chavis v. LeMarque*, 382 F.3d 921, 926 (9th Cir.2004). Thus, statutory tolling is

---

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

insufficient to bring his petition within the one-year statute of limitations.

Finally, Suarez has failed to demonstrate that "extraordinary circumstances" beyond his control prevented him from filing a timely petition, *see Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001), *cert. denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002). He is not, therefore, entitled to equitable tolling.

**AFFIRMED.**[1]

---

1. Inasmuch as Suarez's additional and/or procedural claims are not encompassed by the certificate of appealability, we decline to address them as waived. 28 U.S.C. § 2253(3); *Hiivala v. Wood,* 195 F.3d 1098, 1103–05 (9th Cir.1999) (per curiam).