FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ANTHONY (TONY) GASTON,
*Petitioner-Appellant,*

v.

ANNA RAMIREZ PALMER,
*Respondent-Appellee.*

No. 01-56367

D.C. No.
CV-00-06612-NM(Mc)
Central District
of California,
Los Angeles

ORDER
WITHDRAWING
OPINION AND
DENYING THE
PETITION FOR
REHEARING
EN BANC

Filed August 2, 2005

Before: Andrew J. Kleinfeld, Kim McLane Wardlaw, and
William A. Fletcher, Circuit Judges.

Order;
Dissent by Judge O'Scannlain

---

## ORDER

This court's opinion filed October 28, 2004 is hereby withdrawn and replaced with the attached Opinion. With the filing of the new opinion, the petition for rehearing en banc filed November 12, 2004 is DENIED. Judge Kleinfeld would grant it.

A judge of the court called for a vote on the petition for rehearing en banc. A vote was taken, and a majority of the active judges of the court failed to vote for en banc rehearing. Fed. R. App. P. 35(f).

We defer decision on the petition for rehearing by the panel until after the Supreme Court has rendered a decision in *Chavis v. LeMarque*, 382 F.3d 921 (9th Cir. 2004), *cert. granted*, 125 S.Ct. 1969 (2005). The parties are directed to file simultaneous letter briefs with this court 30 days after the decision by the Supreme Court in *Chavis*, addressing the impact, if any, of that decision on this case.

---

O'SCANNLAIN, Circuit Judge, with whom KLEINFELD, GOULD, TALLMAN, CALLAHAN, and BEA, Circuit Judges, join, dissenting from denial of rehearing en banc:

We have frequently had difficulty interpreting the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. *See, e.g.*, *Felix v. Mayle*, 379 F.3d 612 (9th Cir. 2004), *rev'd*, 545 U.S. ___, 2005 WL 1469153 (June 23, 2005). In this latest episode, the court holds that a California habeas petitioner is entitled to statutory tolling during the interval between the denial of his petition by one state court and the filing of a new petition at the *same* level of the state court system.

The court's decision runs squarely afoul of *Carey v. Saffold*, 536 U.S. 214 (2002), which limited interval tolling to periods "between a *lower* court decision and a filing of a new petition in a *higher* court." *Id.* at 223 (emphases added). It also conflicts with our own holding in *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003), that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. *See also Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir.

2003) (concluding that statutory tolling is unavailable between separate rounds of state habeas review).

By refusing to rehear this case en banc, we forgo the opportunity to correct one of our own errors and again leave it to the Supreme Court to undertake that task for us. I therefore respectfully dissent from the denial of rehearing en banc.

I

Anthony Gaston pursued state habeas relief by undertaking a five-year odyssey through the California court system during which he filed six habeas petitions in various state courts. Gaston began in the Court of Appeal, filed his second petition in the Superior Court, and then jumped up to the California Supreme Court. Gaston thereafter returned to the Superior Court, before refiling in the Court of Appeal and, yet again, in the California Supreme Court.

Gaston sought to establish the timeliness of this federal habeas petition by arguing that AEDPA's limitations period was statutorily tolled throughout the course of his state court filings. Gaston's tolling argument was premised upon 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A majority of the panel held that Gaston's federal filing was timely because his state petitions were "pending"—and AEDPA's limitations period was therefore tolled—throughout the five-year duration of the state collateral review proceedings, including during each of the intervals between Gaston's successive filings.

II

Unlike nearly every other State, California does not require a habeas petitioner to begin in the Superior Court and to pur-

sue an appeal up to the state Supreme Court. Rather, California authorizes original petitions for habeas relief to be filed in any state court. *See Saffold*, 536 U.S. at 221 ("California's collateral review system differs from that of other States in that it does not require, technically speaking, appellate review of a lower court determination."). California habeas petitioners are thus able to file successive original petitions in non-ascending levels of the state court system.

A

In *Saffold*, the Supreme Court set forth the framework for determining when a California habeas petition is "pending" for purposes of 28 U.S.C. § 2244(d)(2). Saffold had pursued state habeas relief by following an orderly progression from the Superior Court to the Court of Appeal to the California Supreme Court. *Saffold*, 536 U.S. at 217. He thereafter filed a petition in federal district court. *Id.* at 218. The State argued that Saffold was not entitled to statutory tolling during the intervals between his successive state court filings and that his federal petition was therefore untimely.

The Supreme Court first concluded that in "typical 'appeal' States"—those in which a petitioner is required to begin in a trial court and to appeal up to the state supreme court—a habeas petition is "pending" during "the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Id.* at 217, 221. The Court then considered whether this principle could be applied to the petitions that Saffold had filed in California's atypical habeas system.

Although Saffold's second and third filings were "original petitions" rather than "appeals," these ascending petitions were—as a practical matter—indistinguishable from traditional appellate filings. Indeed, the Court observed that "California's 'original writ' system . . . is not as special in practice as its terminology might suggest" because "California's habeas rules lead a prisoner ordinarily to file a petition in a

lower court first. . . . The upshot is that California's collateral review process functions very much like that of other States." *Id.* at 221-22.

In light of these similarities between California's habeas procedures and those of "typical 'appeal' States," the Court held that "California's system functions in ways sufficiently like other state systems of collateral review to bring intervals between a *lower* court decision and a filing of a new petition in a *higher* court within the scope of the statutory word 'pending.' " *Id.* at 223 (emphases added). Saffold was therefore entitled to tolling during the intervals between his ascending state court filings (as long as those intervals were of reasonable duration).

### B

The Supreme Court premised Saffold's entitlement to interval tolling upon his pursuit of habeas relief in a manner comparable to that of a petitioner in a "typical 'appeal' State[ ]." Unlike Saffold, however, Gaston did not seek state habeas relief by following an orderly progression through ascending courts. Rather, in a rollercoaster-like fashion, he started in the Court of Appeal, went down to the Superior Court, jumped up to the Supreme Court, and then descended back to the Superior Court. Even if we indulge the panel's view that Gaston's first Superior Court petition merely remedied a procedural deficiency in his initial Court of Appeal filing and that his first Supreme Court petition commenced an overlapping round of review that is irrelevant to Gaston's tolling eligibility, it remains readily apparent that Gaston's pursuit of state habeas relief was not analogous to that of a petitioner in a "typical 'appeal' State[ ]."

When Gaston's first Supreme Court filing is removed from consideration (as the panel majority says it must), it becomes evident that he filed two successive petitions in the Superior Court. Statutory tolling is unavailable during the interval

between those two consecutive Superior Court filings because that period does not constitute an interval "between a *lower* court decision and a filing of a new petition in a *higher* court." *Saffold*, 536 U.S. at 223 (emphases added). Under *Saffold*, it is a prerequisite to a California petitioner's eligibility for statutory tolling that he pursue relief in a manner comparable to a petitioner in a "typical 'appeal' State[ ]." Because petitioners in typical States follow an ascending course through the court system, Gaston controverted *Saffold*'s requirements when he filed two successive petitions in the same state court. Indeed, we explicitly recognized this limitation on tolling eligibility in *Delhomme*, 340 F.3d at 820, where we held that "each time a petitioner files a new habeas petition at the same or a lower level, . . . the subsequent petition . . . triggers an entirely separate round of review."

In light of *Saffold*'s and *Delhomme*'s unequivocal pronouncements, it is difficult to comprehend the panel majority's declaration that it is "aware of no case suggesting that the filing of a redundant petition, which is denied immediately, deprives a petitioner of the right to interval tolling." Amended op. at 8997. Indeed, *Saffold* and *Delhomme* do more than "suggest[ ]" that tolling is unavailable during such an interval; they *compel* that result.

## III

Future panels that consider whether a California petitioner is entitled to interval tolling will now be forced to choose between two irreconcilable lines of precedent. Inevitably, some panels will follow *Gaston* and hold that interval tolling is available when a petitioner refiles in the same level of the state court system; others will adhere to *Saffold* and *Delhomme* and hold that tolling is not permitted under such circumstances.

Rather than condone a decision that sows uncertainty and that fosters a conflict with Supreme Court precedent, we

should have reheard this case en banc, and I respectfully dissent from our refusal to do so.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.