**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHELLEY LAMONT SMALL, | No. 07-55838 |
| Petitioner - Appellant, | D.C. No. CV-02-00324-AHM |
| v. | |
| ROBERT A. HOREL, Warden, Pelican Bay State Prison, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted December 7, 2009
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and MAHAN,[**] District Judge.

State prisoner Shelley Lamont Small ("Small") appeals from the district

court's denial of his 28 U.S.C. § 2254 petition. In 1998, Small was convicted of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

first degree murder and assault with a firearm. After Small unsuccessfully challenged his conviction on direct appeal in the California state courts, he filed pro se a round of state habeas petitions. All of Small's state petitions were denied. Small filed pro se a federal habeas petition, which this court held was timely in *Small v. Roe*, 122 F. App'x 344, 345 (9th Cir. 2005), but which the district court ultimately denied on the merits. Both the state and federal habeas petitions raised issues concerning the ineffectiveness of Small's trial and appellate counsel.

We granted a certificate of appealability on the following issues: (1) whether trial counsel was ineffective for failing to interview alibi witnesses, and whether this claim is exhausted; and (2) whether Small was denied due process when the trial court failed to give a special unanimity instruction on the assault with a firearm count. Small has abandoned his claim for ineffective assistance of appellate counsel.

This case arises under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We vacate the dismissal of Small's ineffective assistance of trial counsel claim and remand for the district court to consider in the first instance whether Small is entitled to an evidentiary hearing on this claim. We affirm on the due process instructional error claim.

2

I

As a preliminary matter, the State contends that Small's federal habeas petition is untimely. As discussed above, we determined in an earlier appeal that Small's petition was timely. *Small*, 122 F. App'x at 345. Although we have discretion to reconsider our previous decision in light of the Supreme Court's intervening decision in *Evans v. Chavis*, 546 U.S. 189 (2006), we decline to exercise that discretion here. *See Sechrest v. Ignacio*, 549 F.3d 789, 802 (9th Cir. 2008) ("[W]e have discretion to depart from a prior decision if . . . intervening controlling authority makes reconsideration appropriate . . . ." (internal citation and quotation marks omitted)).

II

In his petition, Small alleges that trial counsel provided ineffective assistance in preparing Small's defense, and requests an evidentiary hearing on this claim. The State argues that Small failed to exhaust his claim for ineffective assistance of trial counsel before the state courts and, alternatively, that Small failed to demonstrate his entitlement to an evidentiary hearing.

A state prisoner must exhaust state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). To exhaust a federal claim, a habeas petitioner must fairly present the claim to the state's highest court. See, e.g.,

Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  Small's pro se state habeas petition to the California Supreme Court presented a claim for ineffective assistance of trial counsel.  The State argues that Small's petition presented only a claim for ineffective assistance of *appellate* counsel.  Although the heading for the claim is inartful,[1] we must construe Small's pro se petition liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Viewed liberally, and in its entirety, Small's petition clearly presents a claim for ineffective assistance of trial counsel.  Two and a half pages of the petition are devoted to discussing the ineffectiveness of Small's trial counsel.  By comparison, the ineffectiveness of appellate counsel is mentioned only in the heading and in one sentence of the discussion.  Accordingly, we hold that Small exhausted his claim for ineffective assistance of trial counsel.

The district court did not understand Small's habeas petition to present a claim of ineffective assistance of *trial* counsel and thus did not assess whether Small was entitled to an evidentiary hearing on that claim.  We remand for the district court to determine in the first instance whether an evidentiary hearing on this claim is warranted.

---

[1] The heading states: "Ineffective Assistance of Appellate Counsel for Failure to Raise, on Direct Appeal, that Trial Counsel Failed to Adequately Prepare for Trial on the Murder Count Deprived Petitioner of the Effective Assistance of Trial Counsel."

4

III

Small also appeals the district court's denial of his habeas petition with respect to his assault with a firearm conviction. Small contends that this conviction must be reversed because the trial court failed to give, sua sponte, California Jury Instruction (CALJIC) No. 17.01, which would have instructed the jury to agree unanimously on the act that constituted the offense. Citing California law, Small alleged that he was entitled to a special unanimity instruction because either of two separate acts may have supported the assault with a firearm count: (1) striking the victim on the face with a gun; or (2) sticking an object, which may have been a gun, in the victim's side.

We review de novo a district court's denial of a 28 U.S.C. § 2254 habeas petition. Gonzalez v. Duncan, 551 F.3d 875, 879 (9th Cir. 2008). Under AEDPA, we are not authorized to disturb the state court decision unless the state court's resolution of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." Id. (quoting 28 U.S.C. § 2254(d)) (internal quotations omitted). "In conducting our review, we look to the last reasoned state-court decision." Van Lynn v. Farmon, 347 F.3d 735, 738 (9th Cir. 2003).

Supreme Court precedent establishes that a jury instruction error will constitute a violation of due process only where "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). When the alleged error is the failure to give an instruction, the burden on the petitioner is "especially heavy." Henderson v. Kibbe, 431 U.S. 145, 155 (1977).

At trial, the victim testified that on the evening of May 8, 1997, she and Small got into an argument while they were both intoxicated. The victim testified that Small hit her on the chin and then followed her into an alley and poked her side with something which could have been "a finger or anything." She also testified that she called the police and told them she thought Small had poked her with a gun, but never stated that she had seen the gun. Detective Javier Lozano, one of the investigating officers in this case, testified that the victim told him that Small had removed a handgun from his waistband and struck her in the face with it.

In the last reasoned state court decision regarding Small's due process claim, the California Court of Appeal determined that the trial court did not err in failing to give, sua sponte, a special unanimity instruction. The California Court of Appeal reasoned that the evidence supported conviction for assault with a *firearm*

6

based on only one act, which was striking the victim on the face with a handgun. We hold that this decision is not contrary to clearly established federal law. Because the government failed to provide substantial evidence that Small poked Baker in the side with a gun, there is no genuine possibility that the jury could have been confused about the act that formed the basis for the assault with a firearm conviction. Accordingly, we affirm on this ground.

IV

In sum, we affirm the district court's conclusion that Small's petition was timely. We vacate the dismissal of Small's ineffective assistance of trial counsel claim and remand for the district court to consider in the first instance whether Small is entitled to an evidentiary hearing on this claim. We affirm the district court's denial of Small's petition with respect to the due process claim because there was no genuine possibility that the jury was confused about the act that formed the basis for the assault with a firearm conviction, and, therefore, the California Court of Appeal decision is not contrary to, or an unreasonable application, of clearly established federal law.

**AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this decision.** Each party shall bear its own costs on appeal.