(Slip Opinion)          OCTOBER TERM, 2005                    1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## EVANS, ACTING WARDEN *v.* CHAVIS

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 04–721.   Argued November 9, 2005—Decided January 10, 2006

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) gives a state prisoner whose conviction has become final one year to seek federal habeas corpus relief, 28 U. S. C. §2244(d)(1)(A), but tolls this 1-year limitations period for the "time during which a properly filed application for State . . . collateral review . . . is pending," §2244(d)(2).  Under California's collateral review scheme, the equivalent of a notice of appeal is timely if filed within a "reasonable time." In *Carey* v. *Saffold*, 536 U. S. 214, this Court held, *inter alia*, that (1) only a *timely* appeal tolls AEDPA's limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal; (2) in California, "unreasonable" delays are not timely; and (most pertinently) (3) a California Supreme Court order denying a petition "on the merits" does not automatically indicate that the petition was timely filed.

   Respondent Chavis, a California state prisoner, filed a state habeas petition on May 14, 1993, which the trial court denied.  On September 29, 1994, the California Court of Appeal also held against him. He then waited more than three years before seeking review in the California Supreme Court.  On April 29, 1998, that court issued an order stating simply that the petition was denied.  On August 30, 2000, Chavis filed a federal habeas petition.  After the case reached it, the Ninth Circuit concluded that the federal petition's timeliness depended on whether Chavis' state postconviction relief application was "pending," therefore tolling AEDPA's limitations period, during the 3-year period between the time the California Court of Appeal issued its opinion and the time he sought review in the State Supreme Court.  The Ninth Circuit held that the state application was "pending" because under Circuit precedent a denial without comment or ci-

tation is treated as a denial on the merits, and a petition denied on
the merits was not untimely.

*Held:* The Ninth Circuit departed from *Saffold*'s interpretation of
AEDPA as applied to California's system. Pp. 7–12.

(a) Contrary to *Saffold*, the Circuit in this case said in effect that
the California Supreme Court's denial of a petition "on the merits"
*did* automatically mean that the petition was timely. More than
that, it treated a State Supreme Court order that was silent on the
grounds for the court's decision as equivalent to an order in which the
words "on the merits" appeared. If the appearance of "on the merits"
does not automatically warrant a holding that the filing was timely,
the *absence* of those words could not automatically warrant such a
holding. Absent (1) clear direction or explanation from the California
Supreme Court about the meaning of "reasonable time" in the pre-
sent context, or (2) clear indication that a particular request for ap-
pellate review was timely or untimely, the Ninth Circuit must itself
examine the delay in each case and determine what the state courts
would have held in respect to timeliness. This is what this Court be-
lieves it asked the Circuit to do in *Saffold*. This is what this Court
believes the Circuit should have done here. Pp. 7–8.

(b) Given the uncertain scope of California's "reasonable time"
standard, it may not be easy for the Ninth Circuit to decide in each of
the several hundred federal habeas petitions from California prison-
ers it hears annually whether a prisoner's state-court review petition
was timely. However, for the reasons given in *Saffold,* the Circuit's
attempt to create shortcuts looking to the label the California Su-
preme Court applied to the denial order, even where that label does
not refer to timeliness, are not true, either to California's timeliness
rule or to AEDPA's intent to toll the 1-year limitations period only
when the state collateral review proceeding is "pending." *Saffold,*
536 U. S., at 220–221, 225–226. The California courts might allevi-
ate the problem by clarifying the scope of "reasonable time" or by in-
dicating, when denying a petition, whether the filing was timely.
And the Ninth Circuit might seek guidance by certifying a question
to the State Supreme Court in an appropriate case. *Id.*, at 226–227.
Alternatively, the California Legislature might decide to impose more
determinate time limits, conforming California law with that of most
other States. Absent any such guidance from state law, however, the
Ninth Circuit's only alternative is to simply ask and decide whether
the state prisoner's filing was made within a reasonable time. In do-
ing so, the Circuit must be mindful that, in *Saffold*, this Court held
that timely filings in California fell within the federal tolling provi-
sion *on the assumption* that California's "reasonable time" standard
would not lead to filing delays substantially longer than those in

Syllabus

States with determinate timeliness rules. *Id.*, at 222–223. Pp. 8–10.

   (c) Chavis did not file his petition for review in the California Supreme Court within a reasonable time. This Court's examination of the record refutes his claim that his 3-year, 1-month, delay was reasonable because he could not use the prison library to work on his petition during this period. And since Chavis needs all but two days of that lengthy delay to survive the federal 1-year habeas filing period, he cannot succeed. Pp. 10–12.

382 F. 3d 921, reversed and remanded.

BREYER, J., delivered the opinion of the Court, in which ROBERTS, C. J., and O'CONNOR, SCALIA, KENNEDY, SOUTER, THOMAS, and GINSBURG, JJ., joined. STEVENS, J., filed an opinion concurring in the judgment.

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports. Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 04–721

MIKE EVANS, ACTING WARDEN, PETITIONER *v.*
REGINALD CHAVIS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT

[January 10, 2006]

JUSTICE BREYER delivered the opinion of the Court.

The Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA or Act) requires a state prisoner whose
conviction has become final to seek federal habeas corpus
relief within one year. 28 U. S. C. §2244(d)(1)(A). The Act
tolls this 1-year limitations period for the "time during
which a properly filed application for State post-conviction
or other collateral review . . . is pending." §2244(d)(2).
The time that an application for state postconviction
review is "pending" includes the period between (1) a
lower court's adverse determination, and (2) the prisoner's
filing of a notice of appeal, *provided that* the filing of the
notice of appeal is timely under state law. *Carey* v. *Saf-
fold*, 536 U. S. 214 (2002).

In most States a statute sets out the number of days for
filing a timely notice of appeal, typically a matter of a few
days. See *id.*, at 219. California, however, has a special
system governing appeals when prisoners seek relief on
collateral review. Under that system, the equivalent of a
notice of appeal is timely if filed within a "reasonable
time." *In re Harris*, 5 Cal. 4th 813, 828, n. 7, 855 P. 2d

391, 398, n. 7 (1993); see also *Saffold*, *supra*, at 221.

In this case, the Ninth Circuit found timely a California prisoner's request for appellate review made *three years* after the lower state court ruled against him. *Chavis* v. *LeMarque,* 382 F. 3d 921 (2004). We conclude that the Circuit departed from our interpretation of the Act as applied to California's system, *Carey* v. *Saffold*, *supra*, and we therefore reverse its judgment.

I

We begin with our holding in *Carey* v. *Saffold*. In that case we addressed three questions.

A

We initially considered the question just mentioned: For purposes of tolling AEDPA's 1-year limitations period, is a state habeas application "pending" during the interval between (1) the time a lower state court reaches an adverse decision, and (2) the day the prisoner timely files an appeal? We answered this question "yes." 536 U. S., at 219–221. If the filing of the appeal is timely, the period between the adverse lower court decision and the filing (typically just a few days) is not counted against the 1-year AEDPA time limit.

B

We then pointed out that in most States a prisoner who seeks review of an adverse lower court decision must file a notice of appeal in a higher court, and the timeliness of that notice of appeal is measured in terms of a determinate time period, such as 30 or 60 days. *Id.*, at 219. As we explained, however, California has a different rule. In California, a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a "reasonable time." *Id.*, at 221. We asked whether this distinction made a differ-

ence for AEDPA tolling purposes. We answered that question "no." *Id.*, at 222–223. California's system is sufficiently analogous to appellate review systems in other States to treat it similarly. See *id.*, at 222 ("The upshot is that California's collateral review process functions very much like that of other States, but for the fact that its timeliness rule is indeterminate"). As long as the prisoner filed a petition for appellate review within a "reasonable time," he could count as "pending" (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court. *Id.*, at 222–223. We added, "The fact that California's timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application (*i.e.*, a filing in a higher court) comes too late." *Id.*, at 223. Nonetheless, the federal courts must undertake that task.

## C

We considered finally whether the state habeas petition at issue in the case had itself been timely filed. Saffold had filed that petition (a petition for review by the California Supreme Court) not within 30 or even 60 days after the lower court (the California Court of Appeal) had reached its adverse decision, but, rather, *4½ months* later. The filing was not *obviously* late, however, because the delay might have been due to excusable neglect—Saffold said he had taken 4½ months because he had not received timely notice of the adverse lower court decision. *Id.*, at 226.

We sent the case back to the Ninth Circuit to decide whether the prisoner had filed his California Supreme Court petition within a "reasonable time," thus making the filing timely under California law. We also set forth several legal propositions that set the boundaries within which the Ninth Circuit must answer this question.

First, we pointed out that if "the California Supreme Court had clearly ruled that Saffold's 4½-month delay was 'unreasonable,' that would be the end of the matter." *Ibid.*

Second, we noted that the California Supreme Court order denying Saffold's petition had stated that the denial was "'on the merits and for lack of diligence.'" *Id.,* at 225. But, we added, these words alone did *not* decide the question. *Id.*, at 225–226.

Third, we stated that the words "lack of diligence" did not prove that the California Supreme Court thought the petition was *untimely*. That is because those words might have referred to a totally different, earlier delay that was "irrelevant" to the timeliness of Saffold's California Supreme Court petition. *Id.*, at 226.

Fourth, we stated that the words "on the merits" did not prove that the California Supreme Court thought the petition was *timely*. That is because the California Supreme Court might have decided to address the merits of the petition even if the petition had been untimely. A "court," we said,

> "will sometimes address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief." *Id.*, at 225–226.

We ultimately concluded that *the Ninth Circuit must not take "such words" (i.e., the words "on the merits") as "an absolute bellwether"* on the timeliness question. *Id.*, at 226 (emphasis added). We pointed out that the Circuit's contrary approach (*i.e.*, an approach that presumed that an order denying a petition "on the merits" meant that the petition was timely) would lead to the tolling of AEDPA's

limitations period in circumstances where the law does not permit tolling. *Ibid.* And we gave as an example of the incorrect approach a case in which the Ninth Circuit had found timely a petition for review filed four years after the lower court reached its decision. *Ibid.* (citing *Welch* v. *Newland,* 267 F. 3d 1013 (CA9 2001)).

## II

We turn now to the present case. Respondent Reginald Chavis, a California state prisoner, filed a state habeas corpus petition on May 14, 1993. The trial court denied the petition. He sought review in the California Court of Appeal, which also held against him. The Court of Appeal released its decision on September 29, 1994. Chavis then waited more than three years, until November 5, 1997, before filing a petition for review in the California Supreme Court. On April 29, 1998, the California Supreme Court denied the petition in an order stating simply, "Petition for writ of habeas corpus [*i.e.,* review in the California Supreme Court] is DENIED." App. G to Pet. for Cert. 1.

Subsequently, on August 30, 2000 (after bringing a second round of state habeas petitions), Chavis filed a federal habeas petition. The State asked the federal court to dismiss the petition on the ground that it was untimely. After all, AEDPA gives prisoners only one year to file their federal petitions, and Chavis had filed his federal petition more than *four* years after AEDPA became effective. Still, AEDPA also provides for tolling, adding to the one year those days during which an application for state collateral review is "pending." And the federal courts consequently had to calculate how many days Chavis' state collateral review applications had been "pending" in the state courts and add those days to the 1-year limitations period.

Ultimately, after the case reached the Ninth Circuit, that court concluded that the timeliness of the federal

petition turned upon whether the "pending" period included the 3-year period between (1) the time a lower state
court, the California Court of Appeal issued its opinion
(September 29, 1994), and (2) the time Chavis sought
review in a higher state court, the California Supreme
Court (on November 5, 1997).  The Ninth Circuit held that
the state collateral review application was "pending"
during this time; hence, it should add those three years to
the federal 1-year limitations period, and the addition of
those three years, along with various other additions,
rendered the federal filing timely.

The Ninth Circuit's reasoning as to why it should add
the three years consists of the following:

> "Under our decision in *Saffold, because Chavis's
> November 1997 habeas petition* to the California Su
> preme Court *was denied on the merits,* it was pending
> during the interval between the Court of Appeal deci
> sion and the Supreme Court petition and *he is entitled
> to tolling.  See* [*Saffold* v. *Carey,* 312 F. 3d 1031,
> 1034–1036 (CA9 2002)].  When the California Su
> preme Court denies a habeas petition without com
> ment or citation*, we have long treated the denial as a
> decision on the merits.  Hunter v. Aispuro*, 982 F. 2d
> 344, 348 (9th Cir. 1992).  *Therefore*, the California Su
> preme Court's summary denial was on the merits, and
> *the petition was not dismissed as untimely.  See id.;
> see also Delhomme v. Ramirez*, 340 F. 3d 817, 819, 820
> n. 2 (9th Cir. 2003) (noting that there was no indica
> tion that a state habeas petition was untimely where
> the California Supreme Court denied the petition
> without comment or citation).  As a result, Chavis is
> entitled to tolling during [the relevant period]."  382
> F. 3d, at 926 (emphasis added).

California sought certiorari on the ground that the
Ninth Circuit's decision was inconsistent with our holding

in *Saffold*. We granted the writ.

## III

### A

California argues that the Ninth Circuit's decision in this case is inconsistent with our decision in *Saffold*. Like California, we do not see how it is possible to reconcile the two cases.

In *Saffold*, we held that (1) only a *timely* appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court; (2) in California, "unreasonable" delays are not timely; and (3) (most pertinently) a California Supreme Court order denying a petition "on the merits" does not *automatically* indicate that the petition was timely filed. In addition, we referred to a Ninth Circuit case holding that a 4-year delay was reasonable as an example of what the law forbids the Ninth Circuit to do.

Nonetheless, the Ninth Circuit in this case said in effect that the California Supreme Court's denial of a petition "on the merits" *did* automatically mean that the petition was timely (and thus that a 3-year delay was reasonable). More than that, it treated an order from the California Supreme Court that was silent on the grounds for the court's decision as if it were equivalent to an order in which the words "on the merits" appeared. 382 F. 3d, at 926. If the appearance of the words "on the merits" does not automatically warrant a holding that the filing was timely, the *absence* of those words could not automatically warrant a holding that the filing was timely. After all, the fact that the California Supreme Court did not include the words "on the merits" in its order denying Chavis relief makes it *less* likely, not *more* likely, that the California Supreme Court believed that Chavis' 3-year delay was reasonable. Thus, the Ninth Circuit's presumption ("that an order decided entirely on the merits indicates that the

state court did not find the petition to be untimely," *post*, at 4 (opinion of STEVENS, J.)) is not consistent with *Saffold*. See *supra*, at 4.

Neither do the cases cited by the Ninth Circuit provide it with the necessary legal support. The Circuit's opinion in *Saffold* (written on remand from this Court) said nothing about the significance of the words "on the merits." *Saffold* v. *Carey*, 312 F. 3d 1031 (2002). *Hunter* v. *Aispuro*, 982 F. 2d 344 (CA9 1992), predated AEDPA, not to mention our decision in *Saffold*, and in any event concerned an entirely different issue of federal habeas corpus law. *Delhomme* v. *Ramirez*, 340 F. 3d 817 (CA9 2003), addressed the timeliness issue in one sentence in a footnote, *id.*, at 820, n. 2, and did not discuss at any length our opinion in *Saffold*, which must control the result here.

In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness. That is to say, without using a merits determination as an "absolute bellwether" (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a "reasonable time." See *supra*, at 3. This is what we believe we asked the Circuit to do in *Saffold*. This is what we believe it should have done.

B

The discrepancy between the Ninth Circuit's view of the matter and ours may reflect an administrative problem. The Ninth Circuit each year must hear several hundred petitions by California prisoners seeking federal habeas

relief. Some of these cases will involve filing delays, and some of those delays will require the federal courts to determine whether a petition for appellate review in a related state collateral proceeding was timely. Given the uncertain scope of California's "reasonable time" standard, it may not be easy for the Circuit to decide in each such case whether the prisoner's state-court review petition was timely. And it is consequently not surprising that the Circuit has tried to create rules of thumb that look to the label the California Supreme Court applied to the denial order, even where that label does not refer to timeliness. For the reasons we gave in *Saffold*, however, we do not believe these shortcuts remain true, either to California's timeliness rule or to Congress' intent in AEDPA to toll the 1-year limitations period only when the state collateral review proceeding is "pending." 536 U. S., at 220–221, 225–226.

The California courts themselves might alleviate the problem by clarifying the scope of the words "reasonable time" in this context or by indicating, when denying a petition, whether the filing was timely. And the Ninth Circuit might seek guidance on the matter by certifying a question to the California Supreme Court in an appropriate case. *Id.*, at 226–227. Alternatively, the California Legislature might itself decide to impose more determinate time limits, conforming California law in this respect with the law of most other States. Indeed, either *state* body might adopt a state-law presumption of the kind the concurrence here suggests. See *post*, at 8–9. In the absence of any such guidance, however, we see no alternative way of applying state law to a case like this one but for the Ninth Circuit simply to ask and to decide whether the state prisoner made the relevant filing within a reasonable time. In doing so, the Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the*

*assumption* that California law in this respect did not differ significantly from the laws of other States, *i.e.,* that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules. 536 U. S., at 222–223. California, of course, remains free to tell us if, in this respect, we were wrong.

## IV

As we have pointed out, *supra*, at 5, Chavis had one year from the date AEDPA became effective (April 24, 1996) to file a federal habeas petition. Chavis did not actually file his petition in federal district court until August 30, 2000, four years and 128 days after AEDPA's effective date. Hence Chavis' federal petition was timely only if "a properly filed application for State post-conviction or other collateral review [was] pending" for at least three years and 128 days of this time. 28 U. S. C. §2244(d)(2). Under the Ninth Circuit's reasoning Chavis' state collateral review proceedings were "pending" for three years and 130 days, which period (when added to the 1-year federal limitations period) makes the federal petition timely.

As we have explained, however, we find the Ninth Circuit's reasoning in conflict with our *Saffold* holding. And, after examining the record, we are convinced that the law does not permit a holding that Chavis' federal habeas petition was timely. Chavis filed his state petition for habeas review in the California Supreme Court approximately three years and one month after the California Court of Appeal released its decision denying him relief. Chavis tries to explain this long delay by arguing that he could not use the prison library to work on his petition during this time either because (1) his prison job's hours coincided with those of the library, or (2) prison lockdowns confined him to his cell. And, he adds, his inability to use

the library excuses the three year and one month delay—to the point where, despite the delay, he filed his petition for California Supreme Court review within a "reasonable time."

Chavis concedes, however, that in March 1996, App. 38, about a year and a half after the California Court of Appeal denied his habeas petition, he was given a new prison job. He nowhere denies California's assertion, *id.*, at 68, that this new job's working hours permitted him to use the library. And he also concedes that the prison "remained relatively lockdown free" between February 1997 and August 1997, *id.*, at 39, a 6-month period. Thus, viewing every disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified, delay of at least six months.

Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. *Saffold, supra*, at 219. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal. App. Ct. Rule 28(e)(1) (2004). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold*. See 536 U. S., at 222–223. Thus, since Chavis needs all but two days of the lengthy (three year and one month) delay to survive the federal 1-year habeas filing period, see 382 F. 3d, at 927, he cannot succeed.

The concurrence reaches the same ultimate conclusion in a different way. Unlike the Ninth Circuit, it would not count in Chavis' favor certain days during which Chavis was pursuing a *second* round of state collateral review efforts. See *post*, at 10. Because, as the Ninth Circuit

pointed out, the parties did not argue this particular matter below, 382 F. 3d, at 925, n. 3, we do not consider it here.

For these reasons, the judgment of the Ninth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

No. 04–721

MIKE EVANS, ACTING WARDEN, PETITIONER *v.*
REGINALD CHAVIS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT

[January 10, 2006]

JUSTICE STEVENS, concurring in the judgment.

Today the Court holds that, in the absence of a clear statement by a California state court that a petition for habeas corpus was timely or untimely, a federal court "must itself examine the delay in each case" to determine whether the filing "was made within what California would consider a 'reasonable time.'" *Ante*, at 8. Contrary to the Court's admonition in its next sentence, this is not what we "asked the Circuit to do in *Saffold*," and it is not what "it should have done." *Ibid.* (citing *Carey* v. *Saffold*, 536 U. S. 214 (2002)).

The Ninth Circuit's decision in this case was both faithful to our decision in *Saffold* and consistent with our prior jurisprudence. Instead of endorsing an ad hoc approach to the interpretation of ambiguous judgments entered by California courts in the future, I believe we should direct the Ninth Circuit to apply the straightforward presumptions that I describe below. Rather than a *de novo* review of the record and California law, see *ante*, at 10–11, it is the application of these presumptions, buttressed by an independent error made by the Ninth Circuit, that convinces me that the judgment must be reversed.

## I

As the Court has explained, both in *Saffold* and in its opinion today, California's postconviction procedures are unlike those employed by most other States.  See 536 U. S., at 221–222; *ante*, at 1, 2–3.  California's time limit for the filing of a habeas corpus petition in a noncapital case is more forgiving and more flexible than that employed by most States.  See *Saffold*, 536 U. S., at 222.  Generally, such a petition "must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim."  *In re Harris*, 5 Cal. 4th 813, 828, n. 7, 855 P. 2d 391, 398, n. 7 (1993).  And the State Supreme Court apparently may exercise its jurisdiction to decide the merits of a petition for habeas corpus at any time whatsoever.  See Cal. Const., Art. VI, §10 (giving California Supreme Court original jurisdiction over habeas petitions); *In re Clark*, 5 Cal. 4th 750, 764–765, 855 P. 2d 729, 738 (1993) (noting procedural rules governing habeas petitions are judicially created).

It is the existence of this flexible, discretionary timeliness standard in noncapital cases[1] that gave rise to both the issue presented in *Saffold* and the issue the Court addresses today.  In *Saffold*, we considered whether a habeas petition filed in the California Supreme Court 4½ months after the lower state court made its decision was "pending" (and therefore tolled the federal statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)) during that period.  See 536 U. S.,

———————

[1] As California's Deputy Attorney General pointed out at oral argument, this problem does not arise in capital cases because the California Supreme Court has adopted separate rules for such cases.  See Tr. of Oral Arg. 63.  This is significant because, while prisoners on death row often have an incentive to adopt delaying tactics, those serving a sentence of imprisonment presumably want to obtain relief as promptly as possible.

at 217. After concluding that a state habeas application is pending during the interval between an adverse lower court decision and the filing in the California Supreme Court, and that California's virtually unique system made no difference for purposes of tolling AEDPA's statute of limitations, we were faced with the question whether the state habeas petition in that case had been timely filed. See *id.*, at 221, 223, 225.

Rather than answering the question ourselves, we remanded the case to the Court of Appeals with instructions that it do so. *Id.*, at 226. We also explained why the answer was not entirely clear. In its order the California Supreme Court had stated that it had denied the petition both "on the merits and for lack of diligence." *Id.,* at 218 (internal quotation marks omitted). We pointed out that the fact that the State Supreme Court had reached the merits did not preclude the possibility that its alternative basis for decision—"lack of diligence"—expressed a conclusion that the 4½-month delay was unreasonable and therefore that it had considered the petition untimely as a matter of state law. On the other hand, we also recognized that "lack of diligence" might have referred to the respondent's earlier failure to file his first postconviction petition more promptly, "a matter irrelevant to the question whether his application was 'pending' during the 4½-month interval." *Id.*, at 226. Our opinion requested the Court of Appeals to resolve the ambiguity, noting that it might be "appropriate to certify a question to the California Supreme Court for the purpose of seeking clarification in this area of state law." *Id.,* at 226–227.[2]

On remand in *Saffold*, after reviewing three fairly contemporaneous California Supreme Court orders that involved delays of 7 months, 18 months, and 15 months

―――――――

[2] This approach would apparently prove fruitless. See Tr. of Oral Arg. 31.

without mentioning any "lack of diligence," the Court of
Appeals came to the quite reasonable conclusion that the
State Supreme Court's "lack of diligence" notation in the
order denying Saffold's petition referred to an earlier 5-
year delay that was irrelevant to the tolling issue rather
than to the 4½-month delay that had preceded his most
recent filing. See *Saffold* v. *Carey*, 312 F. 3d 1031, 1035
(CA9 2002). It also noted "that we have not been asked to
provide any bright-line rule for determining what consti-
tutes 'unreasonable' delay under California's indetermi-
nate timeliness standard. While such a bright-line rule
would certainly be welcomed, . . . such an issue is more
appropriately decided by the California Supreme Court or
the California State Legislature." *Id.*, at 1036, n. 1.

As both Judge O'Scannlain—who wrote for the Court of
Appeals—and I understood the rule of law that animated
our remand, it was predicated on the assumption that the
answer to the timeliness question depended on what the
California Supreme Court had *actually decided* rather
than on any conclusion that the Court of Appeals itself
might reach concerning the reasonableness of the 4½-
month delay under California law. See *id.*, at 1034. That
assumption, also applied by the Ninth Circuit here, was
consistent with the unequivocal assertion in our opinion
that if the California Supreme Court had "clearly ruled"
that the 4½-month delay was unreasonable, "that would
be the end of the matter," even if the court had also ruled
on the merits. *Saffold*, 536 U. S*.*, at 226.

Similarly, there is no inconsistency between our conclu-
sion in *Saffold* that the merits ruling "does not *automati-
cally* indicate that the petition was timely filed," *ante*, at 7,
and the presumption applied by the Court of Appeals in
this case that an order decided entirely on the merits
indicates that the state court did not find the petition to be
untimely, see App. A to Pet. for Cert. 9, particularly when
California allows the petitioner to advance a variety of

reasons to excuse a late filing, see, *e.g.*, *In re Robbins*, 18 Cal. 4th 770, 780–782, 959 P. 2d 311, 318 (1998). Our rejection of the words "'on the merits'" as "an absolute bellwether" was made in a case in which the order itself indicated that the state court might have considered the petition untimely. *Saffold*, 536 U. S., at 226. Given that ambiguous order, *Saffold* did not foreclose the Court of Appeals' presumption that, by dismissing a petition solely on the merits, the state court necessarily found the filing to be timely. The Court of Appeals' opinion in this case was therefore completely consistent with both our holding and our reasoning in *Saffold*.

## II

The Court of Appeals' opinion was also consistent with our prior habeas jurisprudence. While the present question requires us to apply the tolling provision of a federal statute, application of that provision ultimately rests on state-law procedural rules. See 28 U. S. C. §2244(d)(2) (tolling federal statute while "properly filed" application for state postconviction relief is pending). To the extent that a possibly decisive state-law requirement is at issue, application of AEDPA's tolling provision is analogous to the question whether denial of a state postconviction petition rested upon an adequate and independent state ground.

Faced with such a question, it has been our general practice to try to determine the actual basis for the state court's decision rather than to resolve the state-law issue ourselves. The mere fact that a federal petitioner failed to abide by a state procedural rule does not prevent a federal court from resolving a federal claim unless the state court actually relied on the state procedural bar "as an independent basis for its disposition of the case." *Harris* v. *Reed*, 489 U. S. 255, 261–262 (1989) (internal quotation marks omitted). This practice is consistent with the rule

of *Michigan* v. *Long*, 463 U. S. 1032, 1042 (1983), that unless it is "clear from the opinion itself" that the state court's decision rested on an adequate and independent state ground, we have appellate jurisdiction to review its resolution of a federal constitutional question. And in cases in which a state-court order is silent as to the basis for its decision, we have resorted to a presumption to reflect the role intended for such orders by the state court that issued it. See *Ylst* v. *Nunnemaker,* 501 U. S. 797, 803–804 (1991).

Until today, however, we have not directed the lower federal courts to decide disputed issues of state procedural law for themselves instead of focusing on the actual basis for a state-court ruling. The Ninth Circuit's decision in this case was entirely consistent with our past practice, and I would adhere to that practice in confronting the question whether habeas petitions advancing federal claims in California courts were filed within a reasonable time as a matter of California law. Cf. *Brooks* v. *Walls*, 279 F. 3d 518, 522 (CA7 2002) (Easterbrook, J.) (applying *Harris* and *Ylst* to AEDPA's "properly filed" requirement). The inquiry, then, should focus on what the state court actually decided rather than what a federal court believes it could, or should, have done.

## III

Determining what the California Supreme Court has "actually" decided is sometimes easy and sometimes difficult. Its rulings denying habeas corpus petitions generally fall into three broad categories: those expressly deciding the timeliness question, those deciding the merits without comment on timeliness, and those that do not disclose the basis for the decision.[3] To simplify the inquiry, a straightforward rule can be applied to each type of order.

---

[3] Orders resting on alternative grounds, such as the one in *Carey* v. *Saffold*, 536 U. S. 214 (2002), may require special consideration.

The easiest cases, of course, are those in which the state court-order expressly states that a petition was either untimely or timely. As we have explained, if the state court's untimeliness ruling is clear, "that would be the end of the matter," even if the court had also ruled on the merits. *Saffold*, 536 U. S., at 226. Conversely, an unequivocal holding that a delay was not unreasonable should be respected even if a federal judge would have decided the issue differently.[4] The decision that a petition has been untimely filed need not be explicitly stated; citation to a case in which a petition was dismissed as untimely filed certainly would suffice.[5] Cf. Brief for Petitioner 27; *Robbins*, 18 Cal. 4th, at 814, n. 34, 959 P. 2d, at 340, n. 34 (explaining California's practice of citing certain cases for certain propositions).

More difficult are those cases in which the state court rules on the merits without any comment on timeliness. The Ninth Circuit deals with this situation by applying the presumption that a ruling on the merits, *simpliciter*, means that the state court has concluded that the petition was timely. The Court today seemingly assumes—incorrectly—that we rejected that presumption in *Saffold*. Even if we did so *sub silentio,* however, I am convinced that the Court should now endorse the Ninth Circuit's presumption because it is both eminently sensible as a matter of judicial administration and entirely sound as a matter of law. Cf. *Robbins*, 18 Cal. 4th, at 814, n. 34, 959 P. 2d, at 340, n. 34 (explaining that when the State argues that a procedural bar applies, and the California Supreme

––––––––

[4] At oral argument, California's Deputy Attorney General agreed that if the California Supreme Court had expressly decided that respondent Chavis' state habeas petition included a satisfactory explanation for the 3-year delay preceding his filing in that court, but decided against him on the merits, the federal statute of limitations would have been tolled. See Tr. of Oral Arg. 19–20.

[5] As I point out, *infra*, at 10, this is such a case.

Court's order does not cite a case imposing that bar, it means the claim is not barred on the asserted ground). The interest in the efficient processing of the dockets of overworked federal judges provides powerful support for relying on a presumption rather than engaging in *de novo* review of the questions whether the length of a delay was excessive, whether the petitioner's explanation for the delay would be considered acceptable by a California court, and whether a nonetheless unreasonable delay should be excused because the petition raises an unusually serious constitutional question. Cf. *id.*, at 779–782, 959 P. 2d, at 317–318.

There are, of course, cases in which the Ninth Circuit's presumption may not be accurate. For example, a state court may find the deficiencies in a claim so clear that it is easier to deny it on the merits than to decide whether excuses for an apparently unreasonable delay are sufficient. But whereas California judges may continue to follow the easier route, under today's holding federal judges apparently must answer the timeliness question no matter how difficult it may be and no matter how easy it is to resolve the merits. A simple rule, applicable to all unambiguous rulings on the merits, is surely far wiser than the novel ad hoc approach that the Court appears to endorse today.

A general rule could also apply to the most difficult situation, which arises when the state court denies a petition with no explanation or citation whatsoever. Unlike an order that indicates that a state court has ruled on the merits, a silent order provides no evidence that the state court considered and passed upon the timeliness issue. To resolve such cases, I would adopt a presumption that, if a California court issues an unexplained order denying a petition filed after a delay of less than six months, the court considered that petition to be timely; unexplained orders following a longer delay should be

presumed to be decisions on timeliness grounds. California's use of a 6-month period for determining presumptive timeliness in postconviction capital litigation—the only specific time period mentioned in California's postconviction jurisprudence—provides a principled basis for such a double-barreled presumption. See Cal. Rules of Court Policy Statement 3, std. 1–1.1 (Deering 2005) ("A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant's reply brief on the direct appeal . . ."). Moreover, a 6-month presumption would be fully consistent with our holding in *Saffold* that the 4½-month delay in that case was not necessarily unreasonable.[6]

## IV

The above standards provide me with two independently sufficient reasons for concluding that the California Supreme Court actually decided—not once, but twice—that the petitions filed by respondent in that court were untimely. In one order, the State Supreme Court made its finding of untimeliness explicit; in the other, the 6-month presumption should control.

First, as the Court notes *ante*, at 5, the California Supreme Court entered an order denying respondent habeas relief on April 29, 1998, and respondent did not file his federal petition for habeas corpus until August 30, 2000— more than a year later. The Court of Appeals found that the federal statute of limitations was tolled during this 16-month period by a second set of state habeas petitions

_____

[6] The fact that a 6-month presumption would probably lead to the result that noncapital habeas petitions filed by California prisoners would be pending for somewhat longer periods than those filed in other States is attributable to the peculiar features of California's postconviction review procedures. It is far wiser to place the responsibility for that consequence on the State, which can readily modify its procedures, than unnecessarily to complicate the work of federal judges.

that respondent initiated in the California trial court on January 25, 1999, and that concluded with the entry of an order by the California Supreme Court on April 28, 2000. See App. A to Pet. for Cert. 11–12. That finding was erroneous.

The California Supreme Court's April 28, 2000, order, unlike its 1998 order, was not silent. Instead, the April 2000 order cited three earlier California Supreme Court cases, two of which stand for the proposition that a petition has been untimely filed. See *id.*, at 5; *Robbins*, 18 Cal. 4th, at 814, n. 34, 959 P. 2d, at 340, n. 34. Although the State did not argue that respondent's second habeas filing in the California Supreme Court was untimely, see App. A to Pet. for Cert. 8, n. 3, there is not even an arguable basis for disputing that the California Supreme Court found respondent's second habeas petition to have been untimely filed. Given this finding by the State Supreme Court, the Ninth Circuit clearly erred (although not for the reasons claimed by the Court).

Second, respondent's November 5, 1997, state habeas petition was filed with the California Supreme Court more than three years after the California Court of Appeal denied review. *Ante*, at 5. The State Supreme Court denied that petition without explanation. *Ibid.* The presumption I described above—that an unexplained order following a delay longer than six months was based on the state court's conclusion that the petition was untimely—provides me with a sufficient reason for concluding that respondent's state habeas petition was not pending during that 3-year interval. Consequently, respondent's federal habeas petition was also untimely and should have been denied.

Accordingly, despite my profound disagreement with the reasoning in the Court's opinion, I concur in its judgment.