**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDDY CURIEL, *Petitioner-Appellant*, | No. 11-56949 |
| v. | D.C. No. 8:10-cv-00301-DDP-FMO |
| AMY MILLER, Warden, *Respondent-Appellee*. | OPINION |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
August 28, 2014—Pasadena, California

Filed March 19, 2015

Before: Diarmuid F. O'Scannlain, Johnnie B. Rawlinson,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge O'Scannlain

## SUMMARY[*]

### Habeas Corpus

The panel affirmed the district court's order dismissing as untimely California state prisoner Freddy Curiel's habeas corpus petition brought pursuant to 28 U.S.C. § 2254.

The panel held that Curiel is not entitled to statutory tolling of AEDPA's one-year statute of limitations during the time in which his state post-conviction petition was pending. The panel explained that the California Supreme Court's citations to *In re Swain* and *People v. Duvall*, in its two-line denial of Curiel's petition, do not overcome the presumption that the California Supreme Court did not silently disregard the lower court's determination that the petition was untimely.

The panel rejected Curiel's contention that he is entitled to equitable tolling due to the actions of his former trial counsel. The panel explained that even if it is true that Curiel could not file his habeas petition until his trial counsel provided him with the trial files, Curiel had ample time to file a protective federal petition. The panel wrote that Curiel's *pro se* status does not change the result.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Jan B. Norman, Davis, California, argued the cause and filed the briefs for the petitioner.

Kevin Vienna, Supervising Deputy Attorney General for the State of California, San Diego, California, argued the cause for respondent. Angela M. Borzachillo, Deputy Attorney General for the State of California, San Diego California, filed the briefs for the petitioner.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether a California prisoner's state habeas petition was timely filed under the Antiterrorism and Effective Death Penalty Act.

I

In 2006, Freddy Curiel was convicted by a California Superior Court jury of first-degree murder and street terrorism. He was sentenced to life in prison without the possibility of parole, plus twenty-five years.[1] *Id.*

Curiel appealed his conviction to the California Court of Appeal and, thereafter, to the California Supreme Court, which denied his petition for review on June 11, 2008. On May 12, 2009, Curiel filed a petition for a writ of habeas

---

[1] As Curiel notes, because the issue on appeal is timeliness, "a summary of the state trial facts is not relevant."

corpus with the Orange County Superior Court, which was denied on the "separate and independent grounds" that it was untimely and unmeritorious. Curiel filed a further petition with the California Court of Appeal on July 7, 2009, but that court summarily denied it without comment or citation to authority. On September 7, 2009, Curiel filed a third petition, this time with the California Supreme Court, which was denied in a two-line decision.

Six months later, on March 8, 2010, Curiel filed his federal habeas petition in district court, which dismissed it with prejudice on the ground that it was untimely, and denied Curiel's motion for a certificate of appealability (COA). We issued a COA on the following question:

> [W]hether the district court erred in dismissing appellant's 28 U.S.C. § 2254 petition as untimely filed, including whether appellant was entitled to statutory tolling during the pendency of his state habeas petitions filed in the trial court and the California Court of Appeal, and whether appellant was entitled to equitable tolling based on counsel's delay in sending appellant his legal file.

## II

The only issue on appeal is whether the district court erred in determining that Curiel's federal habeas petition was untimely filed.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), after judgment becomes final on direct review, a

state prisoner has one year to file a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1)(A). Curiel acknowledges that the judgment on direct review became final on September 9, 2008. Thus, he had until September 9, 2009 to file his federal habeas petition, but he did not file it until March 8, 2010, well past the statute of limitations deadline. As Curiel concedes, unless he is entitled to statutory or equitable tolling, his petition was untimely, and the district court should be affirmed.

We review the district court's order dismissing Curiel's habeas petition *de novo*. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir. 2005). We also review *de novo* whether the statute of limitations should be tolled on statutory or equitable grounds. *Id.*

## III

Curiel first argues that his petition was statutorily tolled during the pendency of his state court petitions.

## A

The AEDPA one-year statute of limitations is subject to tolling during the time in which "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added).

We look to state law to determine whether an application is "properly filed" under § 2244(d)(2). As the Supreme Court has explained, "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414

(2005) (internal quotation marks omitted). The question, then, is whether Curiel's state petition was untimely under California law.

Such question is resolved by looking to whether the highest state court to render a decision on the petition, here the California Supreme Court, found it timely. *Campbell v. Henry*, 614 F.3d 1056, 1061 (9th Cir. 2010) ("[I]f the highest court to render a decision determines that the claim is timely, then that claim was timely when it was before the lower court.").

1

To understand what the California Supreme Court determined here, we must parse the meaning of its two-line denial of Curiel's petition. The denial reads in full:

> The petition for writ of habeas corpus is denied. (See *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

In interpreting this laconic statement, we are guided by the Supreme Court's declaration that, when "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). We presume that the California Supreme Court agreed with the lower court determination that the petition was untimely, unless "strong evidence" rebuts such a presumption. *See id.* at 804; *Bonner v. Carey*, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005), *amended by* 439 F.3d 993, 994 (9th Cir. 2006).

While their import is far from clear, the citations—to pages in *Swain* and *Duvall* that recite basic habeas procedural requirements[2]—do not constitute the requisite "strong evidence" to overcome the presumption that the California Supreme Court did not "silently disregard" the lower court's reasoning. *See Ylst*, 501 U.S. at 803–04. As explained by the Supreme Court, even when a state supreme court's otherwise

---

[2] In *Swain*, the California Supreme Court denied the habeas petition of Cecil Swain on insufficient pleading grounds. *In re Swain*, 34 Cal.2d 300, 301–04 (1949); *see also Ylst*, 501 U.S. at 805 (describing *Swain* as "hold[ing] that facts relied upon in a habeas petition must be alleged with particularity"). On the page cited in the denial of Curiel's petition, the *Swain* court noted that its conclusions did not amount to "a ruling on the merits" and that it was only enforcing its rule that a habeas petitioner "allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts." *Swain*, 34 Cal.2d at 304.

Inasmuch as it indicates anything, the "*See*" citation to this page of *Swain* indicates that the California Supreme Court found Curiel's pleadings insufficient. In other words, the citation does not indicate affirmative agreement *or disagreement* with the Superior Court's timeliness determination.

The pin-cite of *Duvall* is also of little help here. On the cited page the California Supreme Court set out to "summariz[e] the applicable procedural requirements" for habeas corpus petitions. *Duvall*, 9 Cal.4th at 474. Such summary includes an emphasis on the petitioner's "heavy burden initially to *plead* sufficient grounds for relief, and then later to *prove* them," and an explanation that the petition must "state fully and with particularity the facts on which relief is sought" and consist of more than only "[c]onclusory allegations." *Id*.

Taken together, the citations to *Swain* and *Duvall* appear to involve only broad discussions of the pleading required in habeas petitions. To conclude from such citations that the California Supreme Court affirmatively disagreed with the Orange County Superior Court would be unwarranted.

unexplained denial of a habeas petition includes citations, the state court's failure to elaborate on its reasoning renders its order uninformative as to whether it concluded the petition was timely. *Id*. at 805.

Indeed, even if we were to take the ambiguous citations to *Swain* and *Duvall* as the equivalent of the California Supreme Court declaring it resolved Curiel's petition "on the merits," we still would not be compelled to conclude Curiel's petition was timely. Even "a California Supreme Court order denying a petition 'on the merits' does not *automatically* indicate that the petition was timely filed." *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)).

As the Supreme Court has instructed us:

> [T]he Ninth Circuit must not take "such words" (i.e., the words "on the merits") as "an absolute bellwether" on the timeliness question. We pointed out that the Circuit's contrary approach (i.e., an approach that presumed that an order denying a petition "on the merits" meant that the petition was timely) would lead to the tolling of AEDPA's limitations period in circumstances where the law does not permit tolling.

*Id.* at 194–95 (citations omitted) (emphasis omitted). Further, we must take heed of the Supreme Court's direction that "where a California Supreme Court order simply states, 'Petition for writ of habeas corpus . . . is DENIED,' and does not contain the words 'on the merits,' it is even less likely the California Supreme Court had considered the petition timely

on the merits." *Trigueros v. Adams*, 658 F.3d 983, 990 (9th Cir. 2011) (quoting *Evans*, 546 U.S. at 195, 197).

Admittedly, here the California Supreme Court did *slightly* more than state that Curiel's petition was denied: it also gave a "*See*" citation to *Swain* and *Duvall*.  *See Bonner*, 425 F.3d at 1148 n.13 (describing a summary denial as one made "without citation to any authority").  *But see Bailey v. Rae*, 339 F.3d 1107, 1112–13 (9th Cir. 2003) (describing the look-through doctrine as applying to un-explained but also *ambiguous* state court decisions).

But such a cryptic citation hardly indicates that the California Supreme Court intended to override the reasoned opinion of the Superior Court of California.  To conclude otherwise would be to assert that by two ambiguous "*See*" citations in a two-line denial, the California Supreme Court intended to override the reasoning of the Superior Court and conclude that Curiel's nearly three-year delay did not render his petition untimely.  Such an assertion strains credulity.

As Curiel has failed to provide "*strong* evidence" to overcome the presumption that the California Supreme Court "did not silently disregard" the timeliness decision of the lower state court, we must conclude that the state supreme court decided that his state petitions were not timely filed. *See Ylst*, 501 U.S. at 803, 805.  Curiel is thus not entitled to statutory tolling of AEDPA's one-year statute of limitations.

B

1

Curiel also argues that the one-year limitations period should be tolled for equitable reasons. In order to receive equitable tolling, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). "Under [Ninth Circuit] cases, equitable tolling is available . . . only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (second alteration in original) (citation and internal quotation marks omitted). This is a "very high threshold." *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc) (citation and internal quotation marks omitted).

2

Curiel alleges that his delay in filing his federal habeas petition was due to the actions of his former trial counsel. According to Curiel, he could not file his federal habeas petition until his trial counsel provided him with the trial files.

Even assuming that Curiel's allegations are true, Curiel received his trial files in March 2009, which left him several months before the September 2009 deadline to file his federal habeas petition. He could easily have met the deadline by,

for instance, "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies [were] exhausted," as the Supreme Court has suggested doing when state habeas proceedings might run up against the AEDPA filing deadline. *Pace*, 544 U.S. at 416. Curiel responds that he "reasonably believed that the statute of limitations was tolled as of the time he filed his first state habeas petition." But the Superior Court denied his petition as untimely on June 10, 2009, and the Court of Appeal did the same on August 6, 2009. Thus, with more than a month remaining before the statute of limitations ran out, two state courts had informed Curiel that his state petition was untimely, giving Curiel ample time to file a protective federal petition.

Perhaps Curiel's *pro se* status explains his lack of understanding of the subtleties of habeas practice. Regardless of whether that is true, this Court has held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Therefore Curiel's *pro se* status does not change the result.

Because Curiel cannot show that his trial counsel's actions made it "impossible" for him to meet the AEDPA deadline and that such actions were "the cause" of his failure to do so, he is not entitled to equitable tolling. *Bills*, 628 F.3d at 1097 (emphasis omitted).

III

The district court's dismissal of Curiel's federal habeas petition as untimely is

**AFFIRMED.**