BYBEE, Circuit Judge,
concurring:
I was a member of the three-judge panel that was first assigned this case. There, I joined the panel’s decision that reached a different result from the one we reach as an en banc court today. See Curiel v. Miller, 780 F.3d 1201, vacated 798 F.3d 1209 (9th Cir. 2015). Upon further reflection, I now find our decision here to be more consistent with Supreme Court precedent, with how our court has previously analyzed summary denials of habeas petitions by California state courts, and with the interpretive signals that the California Supreme Court has flashed in the past. Accordingly, I concur in Judge Murguia’s opinion for the court in full.
I
I write separately to express my frustration that communication between the California Supreme Court and our court over the proper interpretation of California state habeas decisions has devolved into a series of hints that the California Supreme Court obliquely telegraphs and that we struggle to decipher. Unfortunately, I am not voicing an original or unique complaint — our court has been making its concerns with California’s habeas practice known for the better part of half a century. See Castro v. Klinger, 373 F.2d 847, 850 (9th Cir. 1967) (“From our standpoint, the failure of the California court to reveal the basis pf its denial, whether substantive or procedural, is unfortunate.”).[1]
However hamstrung by our own ignorance we may be, today we take our best shot at divining the meaning of the California Supreme Court’s actions when it denies a state habeas petition with a few bare case citations. References to Swain and Duvall — we’re pretty sure[2] — mean that the California Supreme Court denied Curiel’s habeas petition for failure to plead his claims with sufficient particularity. See Maj. Op. at 869-70. And, drafting off the United States Supreme Court’s decision in Walker v. Martin, 562 U.S. 307, 310, 131 S.Ct. 1120, 179 L.Ed.2d 62 (2011), we also seem pretty sure that when the California Supreme Court uses citations to Clark and Robbins it means that the court is denying a state habeas petition as untimely.[3] See Maj. Op. at 868-69.
*878 So far, so good. But what if the California Supreme Court denies a petition with a reference to In re Gallego, 18 Cal.4th 825, 77 Cal.Rptr.2d 132, 959 P.2d 290 (1998)— doesn’t that mean a petition is denied as untimely too? See Walker, 562 U.S. at 312, 131 S.Ct. 1120. And what if the California Supreme Court pairs a citation to Swain with one to In re Dixon, 41 Cal.2d 756, 264 P.2d 513 (1953); do they morph into a pair of “procedural bars”? See Washington v. Cambra, 208 F.3d 832, 833-34 (9th Cir. 2000). And if a single citation to Duvall means that the habeas claim was adequately developed but lacks merit, see Seeboth, 789 F.3d at 1103, how can it be that slapping on a Swain citation without any further explanation means that the claim was not properly presented and can be refiled, see id. at 1104 n. 3?
In the face of this complicated tangle of bare citations without any accompanying explanation, what is a conscientious federal court — especially one disposed both by nature and statutory command to defer to state courts on matters of state law — to do? Unfortunately, unless we discover a Rosetta Stone in the San Francisco Bay that helps us crack the California Supreme Court’s habeas code, I worry that cases like this one will reoccur with some frequency and that federal courts will be forced to trot out their best Alan Turing impressions on a regular basis.
The best we can do — and what the court does today — is give our best guess as to what the California Supreme Court means and proceed on that assumption, understanding that “California, of course, remains free to tell us if, in this respect, we were wrong.” Evans v. Chavis, 546 U.S. 189, 200, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). But it doesn’t have to be that way — and the California Supreme Court can make sure of it. The addition of a handful of words to its summary denials could go a long way to clearing up our court’s confusion. For example, why not slip in “as untimely filed” between “Petition denied” and citations to Clark and Robbins'.? Such a move would make it quite difficult for a federal court to overlook California’s determination that the habeas petition was denied on timeliness grounds. Or how about adding “for failure to state a claim with particularity” between “Petition denied” and citations to Swain and Du-valll It would be tough to confuse that order with one denying the petition as untimely or successive. Small changes like these would save the federal courts the time and resources we expend playing detective, and would make it far more likely that, when a federal court reviews the reasoning of the state court, it properly ascertains the basis of the earlier decision.[4]
*879 II
My complaints about the burden that the California Supreme Court’s unnecessarily opaque habeas system have focused, selfishly, on the substantial costs it imposes on the resources of this court. I have now sat on this case twice, joined two published decisions, and changed my mind once. I have been perturbed and confounded by this case; but this is, after all, my job. I know that many of my colleagues are similarly frustrated in their efforts to decipher California’s code. On reflection, however, I have a much deeper concern that the costs visited on this court pale in comparison to the costs that the California Supreme Court’s imprecision imposes on its own citizens and state government, because they have no more clue what the California Supreme Court means than we do.
Take, for example, Curiel. Acting pro se, Curiel did not pick up on the court’s suggestion that his state habeas claims were pleaded with insufficient particularity, because rather than beefing up his petition and re-filing it in state court — which Swain counsels he might have been able to do, see In re Swain, 34 Cal.2d 300, 209 P.2d 793, 796 (1949) — he headed straight to federal court. Because it has taken this case six years to wind through the federal courts, it is now probably too late for Curiel to re-raise his state claims even if he wanted to do so.[5] Curiel may have had state habeas remedies, but due to the inscrutability of the California Supreme Court’s order denying his habeas petition, he may not have known that those remedies existed or that he was being invited to take advantage of them. By his inaction following his confusion, Curiel has likely forfeited his habeas rights under the California Constitution. See Calif. Const. art. VI, § 10; see also In re Harris, 21 Cal.Rptr.2d 373, 855 P.2d at 398 n. 7 (explaining that under the “general rule regarding timeliness,” a habeas petition “must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim”).
For ’ its part, the California Attorney General’s Office appears similarly befuddled. The state argued that the “California Supreme Court’s citation to Swain was an explicit finding that the petition was ... untimely,” and that the Court had “unequivocally found Curiel’s petition delayed.” Appellee’s Br. 22, 26 (emphasis added). For the reasons explained in our opinion today, it seems that the “explicit” was, in fact, unclear and the “unequivocal,” well, equivocal. During oral argument, the following exchange occurred between the panel and the advocate for the state:
Judge Hurwitz: But your answer to my question is yes, that the California Supreme Court has two different ways of telling us that a petition is untimely. One is by citing Robbins, correct?
State’s Attorney: I’d say three, but yes, Robbins.
Judge Hurwitz: Three different ways to tell us that it’s untimely?
State’s Attorney: Yes.
*880 Judge Friedland: Why would they choose one versus another?
State’s Attorney: That might be a good reason for certification [to the California Supreme Court] because I’m not exactly sure.
Oral Argument at 21:46. And then counsel went further, pointing out that “there is a fundamental difficulty with habeas in California and that is it doesn’t result in reasoned decisions so it doesn’t accrete like the common law does to solve problems.” Id. at 34:32. In the span of just a few minutes, counsel for the State of California, representing the very office charged with ensuring that the legal dictates of the California Supreme Court are fairly enforced, highlighted both the procedural and substantive shortcomings of that court’s current approach.
Ill
We are well aware of the “staggering number of habeas petitions” the California Supreme Court must address each year. Martin, 562 U.S. at 312-13, 131 S.Ct. 1120. I am not suggesting that the Court assume any kind of “burdensome opinion-writing requirement.” Johnson v. Lee, — U.S. -, 136 S.Ct. 1802, 1807, 195 L.Ed.2d 92 (2016) (per curiam). I am suggesting, respectfully, a bit more elucidation from the California Supreme Court would better preserve the comity enjoyed between our two courts and would help prevent the sort of “needless friction between state and federal courts” that Congress and the Supreme Court have sought to avoid “dating almost from the beginning of our history.” Okla. Packing Co. v. Okla. Gas & Elec. Co., 309 U.S. 4, 8-9, 60 S.Ct. 215 (1940). I take very little pleasure in mucking around in questions of state law, and I take even less pleasure in answering questions of state law incorrectly. Should the California Supreme Court give us some guidance, it can better ensure that when our court is confronted with a matter of California procedural law — as we are hundreds of times a year when California’s prisoners file federal habeas petitions in the federal courts[6] —we give proper effect to the state court’s decisions. Such an effort by the California courts to stake out its territory would dovetail nicely with the federal courts’ long tradition of doing our best to stay out of the state courts’ business whenever possible, see, e.g., Younger v. Harris, 401 U.S. 37, 40-41, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (federal courts should abstain from enjoining pending state criminal prosecutions); R.R. Comm’n of Tex. v. Pullman Co., 312 U.S. 496, 501, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (federal courts should abstain from ruling on constitutional questions until questions of state law are resolved in state courts),[7] and our statutory obligation in habeas to stay out of the state courts’ business except under the most demanding of standards, see, e.g., 28 U.S.C. § 2254(d) (mandating that a federal court may grant a writ of habeas corpus only when the “judgment of a State court ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law” or “resulted in a decision that was based on an unreasonable determination of facts”).
*881 In Younger, the Court famously wrote that “Our Federalism” represents
a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.
401 U.S. at 44, 91 S.Ct. 746. Until we can tell what the California Supreme Court has decided, we won’t know how to afford California the deference to which it is entitled.

. I recognize that I am writing against a long history of conversations between our court and the California Supreme Court over precisely these kinds of concerns. Perhaps changes in the composition of that court will give it the opportunity to rethink how it disposes of its summary habeas docket.

. We’ve been puzzling over these same two citations for more than a decade. See Seeboth v. Allenby, 789 F.3d 1099, 1104 n.3 (9th Cir. 2015); Cross v. Sisto, 676 F.3d 1172, 1176-78 (9th Cir. 2012); Gaston v. Palmer, 417 F.3d 1030, 1038-39 (9th Cir. 2005), reh’g granted, opinion modified on other grounds, 447 F.3d 1165 (9th Cir. 2006).

. Unfortunately, even this conclusion might be shaky. In an amicus brief submitted to the Supreme Court in Walker v. Martin, the Habeas Corpus Resource Center performed a case study of the 157 habeas petitions denied by the California Supreme Court on September 11, 2002. See Br. for Habeas Corpus Resource Center as Amicus Curiae in Support of Respondent at 18, Walker v. Martin, 562 U.S. 307 (2011) (No. 09-996). Of the sixty-two petitions apparently denied due to a procedural bar, thirty-two of them were denied with citations to Clark, Robbins, or Clark and Robbins. Id. at 20-21. Although the amicus ''assume[d]” that citations to Robbins alone applied the same timeliness bar that dual citations to Clark and Robbins applied, it could not explain why the California Supreme Court would sometimes choose to use one citation and sometimes choose to use both citations. Id. To make matters more complicated, amicus pointed out that a single "Clark citation likely signified an invocation of the bar against successive petitions,” but because Clark sometimes stands for a timeliness bar, it *878 was impossible to know — without "guidance” from the California Supreme Court — which bar the court was actually applying. Id. at 21.

. Alternatively, the California Supreme Court might consider promulgating some sort of decisional key that lays out the meaning of various combinations of citations, and I note that the court has set out something similar in at least one past decision (though at a higher level of abstraction and nearly twenty years ago). See In re Robbins, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311, 340 n. 34 (1998). Advocating for a different tack, one commentator has suggested that California courts could use a "standardized form whenever they summarily deny habeas petitions” on which judges would "check the boxes next to the applicable reasons” for the denial like " ‘untimely’ or 'procedurally defaulted.’ ” Theresa Hsu Schriever, Comment, In Our Own Backyard: Why California Should Care About Habeas Corpus, 45 McGeorge L. Rev. 763, 796 (2014). Such a system, the commentator posits, would "requir[e] scant additional time or effort on the part of the judges, yet [would] still provid[e] some insight into why the petition was denied.” Id.

. But then again, maybe Curiel's state habeas petition would be timely because who knows what California's “within a 'reasonable time’ " standard for timely filing means? Evans, 546 U.S. at 192, 126 S.Ct. 846 (quoting In re Harris, 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391, 398 n. 7 (1993)). We sure don’t. See Robinson v. Lewis, 795 F.3d 926 (9th Cir. 2015) (certifying a question.to the California Supreme Court in seek of guidance as to the scope of California's timeliness bar); Chaffer v. Prosper, 542 F.3d 662 (9th Cir. 2008) (same). In any case, the state at oral argument represented that it would challenge the timeliness of any new state habeas petitions Curiel sought to file. See Oral Argument at 35:25, Curiel v. Miller, No. 11-56949 (Mar. 23, 2016).

. From 2011 to 2015, nearly one thousand habeas appeals from the four federal districts in California were fully briefed before this court (986 to be exact). That number does not include the multitude of petitions filed in our court that we dismiss without full briefing due to jurisdictional defects or because they are successive.

. See Orange Cty. Dep’t of Educ. v. Calif. Dep’t of Educ., 668 F.3d 1052, 1066-67 (9th Cir. 2011) (Bybee, J., concurring in part and dissenting in part) (citing these and other examples).